In the Matter of the Termination of the **PARENT–CHILD RELATIONSHIP OF L.B. AND S.C., Children, and S.B., Mother, Appellant,**

v.

**MORGAN COUNTY DEPARTMENT OF PUBLIC WELFARE, Appellee.**

No. 55A04–9209–CV–323.

Court of Appeals of Indiana, Second District.

July 6, 1993.

Transfer Denied Sept. 13, 1993.

---

Richard J. Wood, Mooresville, for appellant.

Michael C. Ice, McNutt, Hurt & Blue, Martinsville, for appellee.

SHIELDS, Judge.

S.B. appeals the involuntary termination of her parental rights as to her children, L.B. and S.C.

We reverse.

### ISSUE

S.B. raises two issues for our review; however we raise sua sponte an issue which constitutes fundamental error and is dispositive of this appeal: Did the Morgan County Department of Public Welfare properly plead and prove the elements of IC 31–6–5–4(c) (1992 Supp.)?

### FACTS [1]

S.B. is the biological mother of S.C., born October 28, 1986, and L.B., born March 11, 1988. Social workers from the Morgan County Department of Public Welfare (DPW) visited the family home after a child molesting complaint was filed in September, 1988. They found the home unsanitary and unsafe, and the children had head lice and were dirty. On November 22, 1989, the DPW obtained a disposition decree which removed the children from the home.

On April 26, 1990, the DPW filed a petition to terminate parental rights. After a termination hearing at which several witnesses testified concerning the physical, mental, and emotional state of the children and S.B., the trial court terminated the parent-child relationship. S.B. appeals.

---

1. We note at the outset that the statement of facts in S.B.'s brief does not follow a narrative formula as required by Ind.Appellate Rule 8.3(A)(5); instead, it consists of a description of each witness's testimony. This court has stated

### DISCUSSION

The DPW had the burden of pleading and proving each element of IC 31–6–5–4(c) (1992 Supp.), the parental termination statute, by clear and convincing evidence. *Shaw v. Shelby County Dept. of Public Welfare* (1992), Ind.App., 584 N.E.2d 595, 597. One such condition precedent to the trial court's authority to terminate parental rights is that "the child has been removed from the parent for at least six (6) months under a dispositional decree." IC 31–6–5–4(c)(1). The constitutionally protected right of parents to establish a home and raise their children, *see, e.g., Skinner v. Oklahoma* (1942), 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655; *Pierce v. Society of Sisters* (1925), 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070; *Shaw v. Shelby County Dept. of Public Welfare* (1992), 584 N.E.2d 595, mandates that the failure of a trial court to require compliance with any condition precedent to the termination of this right constitutes fundamental error which this court must address sua sponte.

In the instant case, the trial court specifically found "[t]hat a Dispositional Decree was entered in the Child in Need of Services case on November 22, 1989." Record at 63. The record reveals that the Verified Petition to Involuntarily Terminate Parent–Child Relationship Pursuant to IC 31–6–5–4 was filed on April 26, 1990, five months and four days later. Record at 3; Record at 75. Thus the record leads to the inescapable conclusion that the DPW totally failed to meet the statutory mandate prior to initiating the instant proceeding. Indeed, the trial court's Judgment and Order Involuntarily Terminating Parental Rights, in addition to reciting the date of the dispositional decree, asserts only that "the children ... have been removed from the home for a period exceeding six months." Record at 66.

---

repeatedly that our appellate rules contemplate a narrative statement of facts, and a summary of witness testimony is not acceptable under App.R. 8.3(A)(5). *See, e.g., Hoover v. State* (1991), Ind.App., 582 N.E.2d 403, 405.

The judgment of the trial court terminating S.B.'s parental rights is erroneous.[2]

Judgment reversed.

MILLER, J., concurs.

CONOVER, J., dissents, with separate opinion.

CONOVER, Judge, dissenting.

I respectfully dissent.

While the time-honored right of parents to establish a home and raise their children is protected by the Fourteenth Amendment to the United States Constitution, parental rights may be terminated in situations where the child is in immediate danger of losing its life or where the child's emotional and physical development are threatened. In such cases, the trial court must subordinate the interests of the parent to those of the children involved. *Pierce v. Society of Sisters,* 268 U.S. 510, 533–35, 45 S.Ct. 571, 573, 69 L.Ed. 1070 (1925); *Egly v. Blackford County DPW* (1992), Ind., 592 N.E.2d 1232, 1234.

Although the terminology "dispositional decree" connotes a final disposition of the cause, this is not the nature of the hearing and ultimate order. This is but one of many steps in the continuing procedural scheme for the care and protection of children with the ultimate result of either returning them to their home or terminating the parental rights. *Matter of Robinson* (1989), Ind., 538 N.E.2d 1385, 1387. A dispositional decree has the purpose of setting a program that will ultimately result in a final disposition of the cause. *Id.*

Within the six month period from the time of the dispositional decree until the welfare department files its termination petition with the court, the parent is given time in which to participate in the program set up by the welfare department designed to enable the parent to show he was willing and able to reassume the role of parent to the children. *Id.* The welfare department is to advise the parent it would move to terminate parental rights if the parent fails to comply with the participation program. *Id.*

Here, the welfare department has been involved with S.B.'s family for six years, beginning with the eldest daughter's birth in 1986. In September, 1988, the two children, a three year old girl and a five and one-half month old baby boy, were removed from S.B.'s home after the parents were arrested for sexually abusing the children. Both were placed in a foster home where they have remained. The father was charged and convicted of sexually abusing the children. The mother was charged with neglect for failing to protect them. These charges were later dismissed. At this time the Morgan County Department of Welfare filed a CHINS petition, later amended, and in August, 1989, the court held a hearing on the petition. The court issued its judgment in August 18, 1989, finding the children in need of services and ordered a predisposition report. On November 22, 1989, after holding a dispositional hearing, the court entered a disposition decree. Throughout this time the welfare department attempted to work with S.B. to resolve the children's plight.

On April 26, 1990, the welfare department filed a petition to terminate S.B.'s parental rights. In the petition, the welfare department stated S.B. had failed to comply with the court's order to maintain employment and to establish a residence which met a minimum level of cleanliness and did not benefit from counseling because she refused to admit the children had been sexually abused. The court did not issue its order until two years later on April 30, 1992. During this time, the children remained in foster care. Also during these two years, S.B. was aware she was to continue to participate in a program set up by the welfare department to show she was willing and able to reassume the role of parent to the children or her parental rights would be terminated by the court. During this time, the trial court held three hearings with S.B. present and represented

---

**2.** This decision does not impact upon the validity of the dispositional order, nor does it preclude a subsequent, but timely, proceeding.

with counsel. At S.B.'s request the judge personally viewed the apartment to which she and her present husband had recently moved. After considering the evidence, the court found the welfare department had presented clear and convincing evidence supporting the termination of S.B.'s parental rights.

From April 26, 1990, until the court order on April 30, 1992, S.B. was aware her participation in the program set by the welfare department would determine if the court would terminate her parental rights. Under the facts of this case, from the time of the filing of the petition until the time the court entered its judgment two years later, the purpose to be accomplished during the six months period had been achieved. I, therefore, would affirm the trial court's judgment.