Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANTS:

**JULIANNE L. FOX**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**CHRISTINE REDELMAN**
**ROBERT J. HENKE**
DCS Central Administration
Indianapolis, Indiana

**FILED**

May 16 2012, 9:25 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN THE MATTER OF THE TERMINATION OF THE PARENT-CHILD RELATIONSHIP OF N.Q., Je.Q., Ja.Q., and L.Q. (MINOR CHILDREN) and | ) ) ) ) ) |
| T.Q. (MOTHER) and A.Q. (FATHER), | ) ) |
| Appellants-Respondents, | ) ) |
| vs. | )     No. 82A05-1109-JT-511 ) |
| INDIANA DEPARTMENT OF CHILD SERVICES, | ) ) ) |
| Appellee-Petitioner. | ) ) |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Brett J. Niemeier, Judge
Cause Nos. 82D01-1012-JT-108, 82D01-1012-JT-109, 82D01-1012-JT-110, 82D01-1012-JT-111

**May 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

T.Q. ("Mother") and A.Q. ("Father") (collectively, "the Parents") appeal the trial court's denial of their motion to correct error/motion for relief from judgment following the court's order involuntarily terminating their parental rights to their children N.Q., Je.Q., Ja.Q., and L.Q. (collectively, "the Children"). The Indiana Department of Child Services ("DCS") admits of its own accord that it failed to prove one of the statutory prerequisites for the termination of parental rights. Because such a failure constitutes fundamental error, we reverse the termination order and remand for further proceedings.

**Facts and Procedural History**

The essential facts are these. On December 11, 2009, DCS removed the Children and two siblings from the Parents' home because of unsafe home conditions, medical issues, and lack of supervision, among other reasons, and placed them in foster care. On December 15, 2009, DCS filed petitions alleging that all six children were children in need of services ("CHINS"). The Parents denied the allegations, and the trial court held a factfinding hearing. On April 13, 2010, the trial court entered orders adjudicating all six children as CHINS.

Indiana Code Section 31-34-19-1 provides that not more than thirty days after it finds that a child is a CHINS, the court must complete a dispositional hearing to consider, among other things, "[a]lternatives for the care, treatment, rehabilitation, or placement of the child" and "[t]he necessity, nature, and extent of the participation by a parent … in the program of care, treatment, or rehabilitation of the child." The trial court held a dispositional hearing on May 5, 2010, and the Children remained in foster care. The chronological case summaries

2

indicate that the dispositional decrees were to be furnished to the trial court by DCS, but, apparently as a result of an oversight, the decrees were not filed until February 14, 2011, and were not entered in the court's order book until March 16, 2011. The decrees are not in the record before us.

On December 14, 2010, DCS filed petitions for the involuntary termination of the Parents' parental rights as to the Children. Those petitions are not in the record before us. A hearing on the petitions was held over the course of several days between January and April 2011. The trial court ordered the parties to submit proposed findings of fact and conclusions thereon. On July 13, 2011, the trial court issued an order granting the termination petitions. The Parents filed a motion to correct error/motion for relief from judgment, which the trial court denied. This appeal ensued. Additional facts will be provided as necessary.

## Discussion and Decision

The Indiana Supreme Court has said,

> The Fourteenth Amendment to the United States Constitution protects the traditional right of parents to establish a home and raise their children. A parent's interest in the care, custody, and control of his or her children is perhaps the oldest of the fundamental liberty interests. Indeed the parent-child relationship is one of the most valued relationships in our culture.

*In re G.Y.*, 904 N.E.2d 1257, 1259 (Ind. 2009) (citations and quotation marks omitted). "Because parents have a constitutionally protected right to establish a home and raise their children, [DCS] must strictly comply with the statute terminating parental rights." *Platz v. Elkhart Cnty. Dep't of Pub. Welfare*, 631 N.E.2d 16, 18 (Ind. Ct. App. 1994) (citations omitted).

Indiana Code Section 31-35-2-4(b) provides that a petition to terminate parental rights must meet the following relevant requirements:

(2) The petition must allege:

(A) that one (1) of the following is true:

(i) The child has been removed from the parent for at least six (6) months under a dispositional decree.

(ii) A court has entered a finding under IC 31-34-21-5.6 that reasonable efforts for family preservation or reunification are not required, including a description of the court's finding, the date of the finding, and the manner in which the finding was made.

(iii) The child has been removed from the parent and has been under the supervision of a county office of family and children or probation department for at least fifteen (15) months of the most recent twenty-two (22) months, beginning with the date the child is removed from the home as a result of the child being alleged to be a child in need of services or a delinquent child;

(B) that one (1) of the following is true:

(i) There is a reasonable probability that the conditions that resulted in the child's removal or the reasons for placement outside the home of the parents will not be remedied.

(ii) There is a reasonable probability that the continuation of the parent-child relationship poses a threat to the well-being of the child.

(iii) The child has, on two (2) separate occasions, been adjudicated a child in need of services;

(C) that termination is in the best interests of the child; and

(D) that there is a satisfactory plan for the care and treatment of the child.

Ind. Code § 31-35-2-4(b). DCS must prove each and every element by clear and convincing evidence. *In re G.Y.*, 904 N.E.2d at 1261; Ind. Code § 31-37-14-2. If DCS fails to prove any

4

one of the elements, then it is not entitled to a judgment terminating parental rights. *In re G.Y.*, 904 N.E.2d at 1261; *see also* Ind. Code § 31-35-2-8(b) ("If the court does not find that the allegations in the petition are true, the court shall dismiss the petition.").

Here, the trial court's termination order contains the following relevant findings and conclusions:

9.      The Court now finds by clear and convincing evidence that the allegations of the petition to terminate parental rights are true in that:

   a.      [The Children] have been removed from the care and custody of their mother for at least six (6) months after the dispositional decree.

   b.      There is a reasonable probability that the conditions that resulted in the removal and the continued removal of [the Children] will not be remedied in that, in part, the parents simply do not understand what it takes to parent appropriately even after having classes and instruction; the parents do not understand the importance of cleanliness, and the parents do not have the resources to provide the children the appropriate stability.

   c.      There is [a] reasonable probability that the continuation of the parent-child relationship between [the Parents and the Children] poses a threat to the well-being of [the Children] as, in part, the parents are failing to raise the children in an appropriate environment and are passing on unacceptable practices to these children which wi[ll] stay with them for the rest of their lives unless corrected. These skills are instrumental for the children's physical and mental health.

   d.      Termination of the parent-child relationship between [the Children] and [the Parents is] in the [Children's] best interests.

   e.      The plan of [DCS] for the care and treatment of [the Children] upon termination of parental rights is adoption, which is acceptable and satisfactory.

Appellants' App. at 43-44.

5

In their appellants' brief, the Parents argue that DCS failed to present sufficient evidence as to Indiana Code Section 31-35-2-4(b)(2)(B) and -(C). In its appellee's brief, DCS addresses Parents' arguments but candidly acknowledges of its own accord that, contrary to the trial court's finding, the Children had not been removed from the Parents for at least six months under a dispositional decree when the termination petitions were filed, as required by Indiana Code Section 31-35-2-4(b)(2)(A)(i). DCS further concedes that it apparently failed to plead in its petitions that the alternative elements listed in subparagraph (A) had been satisfied. We appreciate DCS's candor.

DCS acknowledges that this Court recently reversed a trial court's order "terminating a mother's parental rights because the child in that case had not been removed from the parent under a dispositional decree for the requisite six months." Appellee's Br. at 19 (citing *In re D.D.*, 962 N.E.2d 70 (Ind. Ct. App. 2011)). DCS says that "the present case presents one slight difference from *In re D.D.*, which is that in this case on the day of the dispositional hearing, [the Parents] did sign participation plans." *Id.* DCS does not explain, nor can we discern, why this distinction should compel a different result. The Parents' failure to raise the lack of proof as to Indiana Code Section 31-35-2-4(b)(2)(A) before the trial court or in their initial appellants' brief is inconsequential. *See In re D.D.*, 962 N.E.2d at 75 ("Failure to ensure that [DCS] has fully complied with all of the conditions precedent to the termination of parental rights 'constitutes fundamental error.'") (quoting *In re L.B., S.C. & S.B.*, 616 N.E.2d 406, 407 (Ind. Ct. App. 1993), *trans. denied*).

6

As we said in *In re D.D.*, we are "keenly aware of the fact that the safety and well-being of all [four] children hangs in the balance, and further delay in the final resolution of the children's respective cases is certainly regrettable. Nevertheless, [DCS] alleged, but failed to prove removal according to the mandates of [Indiana Code Section] 31-35-2-4(b)(2)(A)." *Id*. at 76. Consequently, we must reverse the trial court's termination order and remand for further proceedings consistent with this opinion. That said, our conclusion "should in no way be construed as a comment upon the sufficiency of the evidence relating to the remaining elements of the termination petition[s]." *Id*. at 75-76.

Reversed and remanded.

VAIDIK, J., and BRADFORD, J., concur.