In the Matter of the Termination of Parental Rights of Karen S. PLATZ and Timothy Clement, Appellants–Respondents,

v.

ELKHART COUNTY DEPARTMENT OF PUBLIC WELFARE, Appellee–Petitioner.

No. 20A05–9303–JV–00079.

Court of Appeals of Indiana, Fifth District.

March 23, 1994.

---

2. *See also Matter of Estate of Neu, supra,* at 569–70.

Thomas A. Murto, Murto & Holbrook, Goshen, for appellants-respondents.

Barry A. Chambers, Elkhart, for appellee-petitioner.

RUCKER, Judge.

Appellants/Respondents Karen S. Platz and Timothy Clement (sometimes collectively referred to as "Parents") appeal the involuntary termination of their parental rights to their minor child C.P. We reverse because Appellee/Petitioner Elkhart County Department of Public Welfare (DPW) neither pled nor proved that the child was removed from its parents for at least six (6) months under a dispositional decree.

Platz and Clement are the natural parents of C.P., a child born out of wedlock. On August 31, 1991, C.P. complained to school officials that Clement had molested him. Officers of the Elkhart City Police Department separately interviewed C.P., Clement and Platz. Clement admitted battering C.P. but initially contended that he did not know whether the molestations had occurred because he suffered from periods of blackout due to alcoholism. Later, Clement completely denied the alleged child molestation. The officers allowed Platz to retain custody of C.P. during the course of their investigation, but ordered Clement not to have any contact with the child.[1] The following morning Platz, along with C.P., went to the home of Clement's parents. Unknown to Platz, Clement had spent the night and was present when Platz arrived. Moments later officers of the Elkhart City Police Department burst on the scene and took C.P. into custody.

---

1. We observe that the officers had no authority to issue such an order. Under provisions of Ind. Code § 31–6–4–4 in effect at the time this case arose, a law enforcement officer had the authority to take a child into custody if there was probable cause to believe that the child was in need of services. The 1993 amendment to the statute includes a provision giving law enforcement officers the authority to take into custody any person who is alleged to have committed an act against a child whom the officers have probable cause to believe is a child in need of services. *See* P.L. 142–1993, § 2. However, neither the 1993 amendment nor the statute as it existed at the time of the occurrence in this case gave law enforcement officers the authority to order a parent not to have any contact with his or her child.

■ Four days later, on September 3, 1991, a juvenile referee issued a protective order placing C.P. into DPW's custody. On October 1, 1991, the referee entered a dispositional decree finding C.P. to be a child in need of services (CHINS). Thereafter, on March 3, 1992, five months and two days after the referee granted the CHINS petition, DPW filed a petition to terminate the parental rights of both Platz and Clement. After conducting an evidentiary hearing the juvenile referee entered an order granting DPW's petition on October 6, 1992. This appeal arose in due course.[2]

■ Before parental rights may be involuntarily terminated, the Department of Public Welfare must allege and prove by clear and convincing evidence each element contained in Ind.Code § 31–6–5–4(c). *Egly v. Blackford County Dep't of Public Welfare* (1992), Ind., 592 N.E.2d 1232. One such element is that "the child has been removed from the parent for at least six (6) months under a dispositional decree." I.C. § 31–6–5–4(c)(1). Because parents have a constitutionally protected right to establish a home and raise their children, *see e.g.*, *Skinner v. Oklahoma* (1942), 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655; *Pierce v. Society of Sisters* (1925), 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070; *Shaw v. Shelby County Dep't of Public Welfare* (1992), Ind.App., 584 N.E.2d 595, the welfare department must strictly comply with the statute terminating parental rights. There was no such compliance in this case.

■ In its form Petition To Terminate Parental Rights, DPW alleged in part "On the 1st day of October, 1991, said children [C.P.] were removed from the custody of their parents under a Dispositional Decree and are presently placed in foster care."

*Record* at 102. The petition was filed March 3, 1992, only five months and two days after C.P.'s removal. DPW acknowledges that C.P. had not been removed from parental custody for six months at the time the petition was filed, but argues that the six-month requirement need only be proven at trial. According to DPW, the termination hearing was held some ten months after C.P.'s removal and therefore the six-month statutory mandate was satisfied. DPW is mistaken.

First, DPW's petition does not follow the dictates of the statute controlling the involuntary termination of a parent-child relationship. The statutory mandate is clear and unequivocal that the termination petition "*must allege* that: (1) the child has been removed from the parent for at least six (6) months under a dispositional decree." I.C. § 31–6–5–4(c)(1). (Emphasis added.) DPW made no such allegation. Thus, on its face the petition is fatally defective.

■ Second, contrary to DPW's assertion, DPW's evidentiary burden at the termination hearing is to prove that the averments in its petition were true at the time the petition was filed. Otherwise DPW would not be prohibited from filing a Petition To Terminate Parental Rights contemporaneously with or shortly after the entry of a dispositional decree and then schedule a termination hearing six months and one day thereafter. Also, we reject DPW's argument that this issue is waived because no objection was raised below. In *Parent–Child Relationship of L.B. & S.C. v. Morgan County Dep't of Public Welfare* (1993), Ind.App., 616 N.E.2d 406 (J. Conover, dissenting) *trans. denied* a majority of the second district of this court raised *sua sponte* the question of whether the trial court erred in failing to require the

**2.** The record shows that the juvenile referee purportedly issued various preliminary orders in this case including the dispositional decree. Parents contend that because the referee had no authority to enter the decree, it is void. Therefore, Parents conclude, the order of termination which is based on the dispositional decree, is likewise void. Because we reverse on other grounds we need not address this issue. We note, however, that although a juvenile referee may submit findings and recommendations to the juvenile court judge, only the judge has the authority to "enter such order as it considers proper." Ind.Code § 31–6–9–2(d). *See also*, *Thomas v. State* (1990), Ind.App., 562 N.E.2d 43. A referee may act only as an instrumentality to assist the court in its fact finding and has no authority to exercise exclusive duties of the court. *S.W.E. v. State* (1990), Ind. App., 563 N.E.2d 1318.

welfare department to strictly comply with the six-month removal provision of the termination statute. In that case a petition to terminate parental rights was filed five months and four days after entry of the dispositional decree. The court reversed the termination order citing the constitutional dimensions of the parent-child relationship and the necessity for compliance with Ind.Code § 31–6–5–4. *Id.* We reach the same conclusion here.

Judgment reversed.

BARTEAU and FRIEDLANDER, JJ., concur.