# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**NANCY A. McCASLIN**
McCaslin & McCaslin
Elkhart, Indiana
Attorney for Mother

ATTORNEYS FOR APPELLEE:

**ASHLEY MILLS COLBORN**
Indiana Department of Child Services
Elkhart County Office
Elkhart, Indiana

**ROBERT J. HENKE**
DCS Central Administration
Indianapolis, Indiana

**FILED**

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Termination of the Parent-Child | ) |
| | ) |
| Relationship of K.E., minor child, and | ) |
| T.E., mother, and J.E., father | ) |
| | ) |
| T.E. and J.E.. | ) |
| | ) |
| Appellants-Respondents, | ) |
| | ) |
| vs. | )   No. 20A05-1104-JT-206 |
| | ) |
| INDIANA DEPARTMENT OF CHILD SERVICES, | ) |
| | ) |
| Appellee-Petitioner. | ) |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Deborah A. Domine, Juvenile Magistrate
The Honorable Terry C. Shewmaker, Judge
Cause No. 20C01-1012-JT-86

**March 8, 2012**

**OPINION - FOR PUBLICATION**

**Kirsch, Judge**

T.E. ("Mother") and J.E. ("Father") appeal the involuntary termination of their respective parental rights to their child, K.E., contending, *inter alia,* that the trial court's judgment terminating their respective parental rights must be reversed because the Indiana Department of Child Services failed to satisfy the statutory mandates of Indiana Code section 31-35-2-4(b)(2)(A).

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Mother and Father are the biological parents of K.E., born in March 2010. The facts most favorable to the trial court's judgment reveal that the local Elkhart County Office of the Indiana Department of Child Services ("ECDCS") took two-month-old K.E. into emergency protective custody in May 2010 after substantiating reports of neglect and drug use in the family home. Meanwhile, ECDCS filed a petition alleging K.E. was a CHINS. An evidentiary hearing on the CHINS petition was held in June 2010. During the hearing, Mother admitted to the allegations contained in the petition, including the allegations that she had a significant history of substance abuse and that K.E. had been exposed to illegal substances while in her care. Father likewise admitted to the allegations of the CHINS petition, including the allegation that he was currently incarcerated and unavailable to care for K.E. The trial court thereafter adjudicated K.E. a CHINS.

Following a dispositional hearing, the trial court entered an order formally removing K.E. from both Mother's and Father's respective care and making K.E. a ward of ECDCS. The trial court's dispositional order, dated July 13, 2010, also directed

2

Mother and Father to successfully complete a number of tasks and services designed to help improve their respective parenting abilities and facilitate reunification of the family.

On December 30, 2010, ECDCS filed its "Petition For The Involuntary Termination Of The Parent-Child Relationship." *Appellant's App.* at 50. An evidentiary hearing on the termination petition was held in April 2011. The trial court issued its judgment terminating Mother's and Father's parental rights to K.E. This appeal ensued.

## DISCUSSION AND DECISION

Because parents have a constitutionally protected right to establish a home and raise their children, the Indiana Department of Child Services "must strictly comply with the statute terminating parental rights." *Platz v. Elkhart Cnty. Dep't of Pub. Works*, 631 N.E.2d 16, 18 (Ind. Ct. App. 1994); *see also In re J.S.*, 906 N.E.2d 226, 235 (Ind. Ct. App. 2009).

Indiana Code section 31-35-2-4(b)(2)(A) provides that a petition seeking the involuntary termination of parental rights "must allege" that one of the following is true:

(i)     The child has been removed from the parent for at least six (6) months under a dispositional decree.

(ii)    A court has entered a finding under IC 31-34-21-5.6 that reasonable efforts for family preservation or reunification are not required . . . .

(iii)   The child has been removed from the parent and has been under the supervision of a county office of family and children or probation department for at least fifteen (15) months of the last twenty-two (22) months, beginning with the date the child is removed from the home as a result of the child being alleged to be a child in need of services or a delinquent child[.]

3

The following facts are undisputed: (1) K.E. was taken into emergency protective custody by ECDCS in May 2010; (2) the trial court entered a dispositional order formally removing K.E. from both parents' care and custody on July 13, 2010; (3) ECDCS filed its petition seeking the involuntary termination of Mother's and Father's parental rights to K.E. on December 30, 2010, only five months and seventeen days after the trial court entered its dispositional order, and only seven months after K.E. was removed from the family home as a result of being alleged to be a CHINS and placed under the supervision of ECDCS. Additionally, the parties do not allege, nor is there any evidence, that the trial court ever entered a finding pursuant to Indiana Code section 31-34-21-5.6 that reasonable efforts for family preservation or reunification were not required in the underlying CHINS case.

The statutory mandate for seeking an involuntary termination of parental rights is "clear and unequivocal." *Platz*, 631 N.E.2d at 18. An involuntary termination petition must allege, and the State must prove by clear and convincing evidence, that at least one of the requirements of Indiana Code section 31-35-2-4(b)(2)(A) is true *at the time the termination petition is filed*. *See id.; see also In re D.D.*, 2011 WL 3799442, at *3 (Ind. Ct. App. Aug. 29, 2011) (stating that involuntary termination petition must allege, and State must prove by clear and convincing evidence, that at least one of requirements of I.C. § 31-35-2-4(b)(2)(A) is true at time termination petition is filed).

Based on the foregoing, it is clear that ECDCS failed to follow the dictates of Indiana's termination of parental rights statute. *See* I.C. § 31-35-2-4(b)(2)(A). We

4

conclude that the trial court committed reversible error in granting ECDCS's involuntary termination petition.

Our conclusion is based solely upon ECDCS' failure to comply with the statutory mandate. We express no opinion regarding the sufficiency of the evidence relating to the remaining elements of the termination petition. In reaching our decision we are keenly aware of the fact that K.E.'s safety and emotional well-being hang in the balance. Further delay in the final resolution of K.E.'s case is regrettable. Nevertheless, ECDCS alleged, but failed to prove removal according to the mandates of Indiana Code section 31-35-2-4(b)(2)(A). Accordingly, the trial court's judgment terminating Mother's and Father's parental rights must be reversed and this case remanded for further proceedings consistent with this opinion.

Reversed and remanded.[1]

BARNES, J., and BRADFORD, J., concur.

---

[1] In its brief ECDCS concedes that it failed to comply with the statutory requirements. "[ECDCS] need only prove one of the three disjunctive elements by clear and convincing evidence to support a finding under subsection (A) of the statute. However, [ECDCS] is unable to do so in this case." Appellee's Br. p. 3.