# FOR PUBLICATION

ATTORNEYS FOR APPELLANTS:

**L. MATTHEW NIXON**
Fair Nixon & Nixon, P.C.
Princeton, Indiana

**JASON M. SPINDLER**
Princeton, Indiana

ATTORNEYS FOR APPELLEE:

**RAYMOND P. DUDLO**
Princeton, Indiana

**ROBERT J. HENKE**
DCS Central Administration
Indianapolis, Indiana

**FILED**

Aug 31 2012, 8:40 am

*[signature]*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN THE MATTER OF THE TERMINATION OF THE PARENT-CHILD RELATIONSHIP OF: <br><br> B.F. (Minor Child), <br><br> and <br><br> M.G. & S.F. (Father & Mother), <br><br> Appellant-Respondents, <br><br> vs. <br><br> THE INDIANA DEPARTMENT OF CHILD SERVICES, <br><br> Appellee-Petitioner. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 26A04-1202-JT-90 |

APPEAL FROM THE GIBSON CIRCUIT COURT
The Honorable Jeffrey F. Meade, Judge
Cause No. 26C01-1010-JT-14

**August 31, 2012**

**OPINION - FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

M.G. (Father) and S.F. (Mother) (collectively, the Parents) appeal the trial court's termination of their parental rights to their minor child, B.F.

We reverse and remand.

## ISSUE

Although the Parents each present two issues on appeal, we find the dispositive issue to be: Whether the trial court committed fundamental error in terminating the Parents' parental rights when the child was removed under a dispositional decree for less than six months.

## FACTS AND PROCEDURAL HISTORY

Father and Mother are the parents of B.F., born on May 19, 2009. On January 27, 2010, the Gibson County Department of Child Services (DCS) removed B.F. from Mother's home. On January 28, 2010, DCS requested a detention hearing and filed its verified petition alleging that B.F. was a child in need of services (CHINS). The CHINS petition alleged that B.F. was without necessary supervision based on drug use in the home. That same day, both Mother and Father appeared and admitted to the allegations in the CHINS petition, resulting in the trial court adjudicating B.F. to be a CHINS.

On March 30, 2010, the trial court held a dispositional hearing attended by the Parents, who both signed a parental participation order. On May 25, 2010, the trial court entered its dispositional decree.

2

On October 8, 2010, DCS filed its Verified Petition to Terminate Parental Rights to involuntarily terminate the Parent's parental rights to B.F. The petition alleged that "B.F. has been removed from the [P]arents for at least six (6) months under a dispositional decree on March 30, 2010." However, the petition contained no allegations that the trial court had entered a finding under I.C. § 31-34-21-5.6, nor did it allege that B.F. had been removed from the Parents for at least fifteen of the most recent twenty-two months.

On August 25, 2011, the trial court held a hearing on the petition. It found that DCS had proved by clear and convincing evidence that the allegations in its termination petition were true. The trial court ordered both parties to submit proposed findings of fact and conclusions of law. On February 1, 2012, the trial court issued its Order terminating the Parents' parental rights to B.F.

The Parents now appeal. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

The Fourteenth Amendment to the United States Constitution protects the traditional right of parents to establish a home and raise their children. *In re D.W.*, 969 N.E.2d 89, 93 (Ind. Ct. App. 2012). A parent's interest in the care, custody, and control of his or her children is arguably one of the oldest of our fundamental liberty interests. *Id.* Because parents have a constitutionally protected right to establish a home and raise their children, DCS must strictly comply with the statute terminating parental rights. *In re K.E.*, 963 N.E.2d 599, 601 (Ind. Ct. App. 2012). Here, DCS has conceded that its

3

petition is jurisdictionally flawed. We acknowledge that DCS admits they failed to comply with the statute.

Statutory requirements for seeking an involuntary termination of parental rights are clear and unequivocal. *See id.* An involuntary termination petition must allege, and DCS must prove by clear and convincing evidence, that at least one of the requirements of I.C. § 31-35-2-4(b)(2)(A) is true at the time the termination petition is filed. *Id.* These requirements are:

> (i) The child has been removed from the parent for at least six (6) months under a dispositional decree.
>
> (ii) A court has entered a finding under [I.C. §] 31-34-21-5.6 that reasonable efforts for family preservation or reunification are not required [...].
>
> (iii) The child has been removed from the parent and has been under the supervision of a county office of family and children or probation department for at least fifteen (15) months of the last twenty-two (22) months, beginning with the date the child is removed from the home as a result of the child being alleged to be a child in need of services or a delinquent child[.]

I.C. § 31-35-2-4(b)(2)(A).

Here the petition only alleged that "[B.F.] has been removed from the Parents for at least six month under a dispositional decree on March 30, 2010." (DCS Ex. No. 2). However, it is undisputed that the trial court entered the dispositional decree on May 25, 2010 whereas the termination petition was filed on October 10, 2010, less than four months after entry of the dispositional decree and less than nine months following B.F.'s removal from Mother's home. Further, there is no evidence that the trial court ever

4

entered a finding under I.C. § 31-34-21-5.6. Therefore, the only requirement alleged under I.C. § 31-35-2-4(b)(2)(A) was not true. Consequently, DCS failed to comply with the termination of parental rights statute and the trial court committed reversible error in granting the involuntary termination petition. *See In re K.E.*, 963 N.E.2d at 602.

## CONCLUSION

Based on the foregoing, we conclude that the trial court committed fundamental error in terminating the Parents' parental rights to B.F. and reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

BAILEY, J. and CRONE, J. concur