## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 02 2016, 8:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Office and
Cass County Public Defender
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Robert J. Henke
Abigail R. Recker
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Termination of the Parent-Child Relationship of B.S. (Child) and K.S. (Mother);

K.S. (Mother),

*Appellant-Respondent,*

v.

The Indiana Department of Child Services,

*Appellee-Petitioner.*

November 2, 2016

Court of Appeals Case No. 09A02-1603-JT-640

Appeal from the Cass Circuit Court

The Honorable Leo T. Burns, Judge

Trial Court Cause No. 09C01-1509-JT-20

**May, Judge.**

[1] K.S. ("Mother") appeals the involuntary termination of her parental rights to her daughter, B.S. ("Child"). She argues DCS failed to prove Child had been out of her care for fifteen of the last twenty-two months, as required by Indiana Code section 31-35-2-4(b)(2)(A)(iii) for termination of her parental rights. We affirm.

## Facts and Procedural History

[2] Child was born to Mother[1] on September 27, 2012, and is four (4) years old. On August 1, 2014, the Department of Child Services ("DCS") removed Child from Mother's home on an emergency basis after receiving a report that Mother tested positive for methamphetamine. On August 5, 2014, DCS filed a petition alleging Child was a Child in Need of Services ("CHINS") based on Mother's illegal drug use. On November 26, 2014, the trial court held a fact finding hearing and adjudicated Child a CHINS. At that time, Child remained in foster care.

[3] On December 17, 2014, the court held a dispositional hearing, and on December 29, 2014, the court issued its dispositional decree. The decree made

---

[1] R.L. ("Father") does not participate in this appeal.

Child a ward of the State, continued her in foster care, and ordered Mother to participate in services so that she and Child could be reunified.

[4] The juvenile court held periodic case review hearings on January 28, 2015, and July 15, 2015. At both hearings, the court noted Mother was not compliant with her case plan because she was not consistently participating in services. The court further found Child's needs were being met by foster care placement.

[5] On September 16, 2015, DCS filed its Verified Petition for Involuntary Termination of Parental Rights. (App. Vol. II at 7.) The trial court held fact finding hearings on DCS's petition to terminate parental rights on December 9, 2015, and January 12, 2016. On February 19, 2016, the trial court terminated Mother's parental rights.

# Discussion and Decision

[6] "The Fourteenth Amendment to the United States Constitution protects the traditional right of parents to establish a home and raise their children." *In re G.Y.*, 904 N.E.2d 1257, 1259 (Ind. 2009), *reh'g denied*. To terminate a parent's rights, the State must file a petition in accordance with Indiana Code section 31-35-2-4 and then prove the allegations therein by clear and convincing evidence. *Id.* at 1260-61. If the court finds the allegations in the petition are true, it must terminate the parent-child relationship. Ind. Code § 31-35-2-8.

[7] We review termination of parental rights with great deference. *In re K.S., D.S., & B.G.*, 750 N.E.2d 832, 836 (Ind. Ct. App. 2001). We will not reweigh

evidence or judge credibility of witnesses. *In re D.D.,* 804 N.E.2d 258, 265 (Ind. Ct. App. 2004), *trans. denied.* Instead, we consider only the evidence and reasonable inferences most favorable to the judgment. *Id.* We will set aside a judgment terminating a parent's rights only if it is clearly erroneous. *In re L.S.,* 717 N.E.2d 204, 208 (Ind. Ct. App. 1999), *trans. denied, cert. denied*.

[8] Mother argues DCS failed to prove Child had been removed from Mother for at least fifteen months at the time DCS filed its petition to terminate parental rights. In relevant part, a petition to terminate the parent-child relationship must allege:

> (A) that one (1) of the following is true:
>
> > (i) The child has been removed from the parent for at least six (6) months under a dispositional decree.
> >
> > (ii) A court has entered a finding under IC 31-34-21-5.6 that reasonable efforts for family preservation or reunification are not required, including a description of the court's finding, the date of the finding, and the manner in which the finding was made.
> >
> > (iii) The child has been removed from the parent and has been under the supervision of a local office or probation department for at least fifteen (15) months of the most recent twenty-two (22) months, beginning with the date the child is removed from the home as a result of the child being alleged to be a child in need of services or a delinquent child[.]

Ind. Code § 31-35-2-4(b)(2)(A)(i)-(iii). That language is unambiguously written in the disjunctive. *In re B.J.,* 879 N.E.2d 7, 20 (Ind. Ct. App. 2008), *trans. denied*. Thus, the State must prove at least one of those requirements "is true *at*

*the time the termination petition is filed.*"[2]  *In re K.E.*, 963 N.E.2d 599, 601-602 (Ind. Ct. App. 2012).

[9] The trial court found Child had "been removed from her parents for more than six (6) months pursuant to the terms of the dispositional decree," (Appellant's App. Vol. II at 73), and the record supports that finding.  B.S. was formally removed from Mother's home pursuant to a dispositional decree on December 29, 2014.  DCS filed its petition for termination of parental rights approximately nine months later on September 16, 2015.  Therefore, DCS proved by clear and convincing evidence that B.S. had been removed from Mother's care for well over the six-month minimum required by Indiana Code section 31-35-2-4(b)(2)(A)(i).  *See A.F. v. Marion County Office of Family & Children*, 762 N.E.2d 1244, 1251 (Ind. Ct. App. 2002) (where children removed over six months under dispositional decree, burden met under Ind. Code § 31-35-2-4(b)(2)(A)), *trans. denied sub nom. Faver v. Marion County Office of Family & Children*, 774 N.E.2d 515 (Ind. 2002)).

---

[2] DCS cites *In re J.W., Jr.*, 27 N.E.3d 1185, 1189 (Ind. Ct. App. 2015), for the proposition that the fifteen-month waiting period is calculated at the time of the termination hearing, rather than at the time the petition is filed. (Appellee's Br. at 21.)  However, as we recently held, DCS's reliance on *J.W.* for this point of law is misplaced, because the only issue before the court in *J.W.* was whether the fifteen-month waiting period should be tolled due to DCS's failure to provide services.  *See D.B. v. Indiana Dept. of Child Services*, No. 54A01-1603-JT-607, 2016 WL 4917683, at *4 (Ind. Ct. App. Sept. 15, 2016).  When our court has been "squarely presented" with the issue of whether the children had been removed for fifteen of the most recent twenty-two months, we have held an involuntary termination petition must satisfy the requirements of Ind. Code § 31-35-2-4(b)(2)(A) at the time the involuntary termination petition was filed.  *See id.* at *5 (citing *In re Q.M.*, 974 N.E.2d 1021, 1024-25 (Ind. Ct. App. 2012)).

[10] Mother nevertheless takes issue with the trial court's finding, "Child has been removed from the home and custody of the parents and has been under the supervision of DCS for at least fifteen (15) of the most recent twenty-two (22) months[.]" (Appellant's App. Vol II at 73.) Mother concludes this statement is "clearly erroneous" because, at the time DCS filed its petition, fifteen months had not passed since Child was initially removed from her home. (Appellant's Br. at 10.) Mother is correct the court's finding is erroneous -- only thirteen months had passed between August 1, 2014, when DCS removed Child from Mother and September 16, 2015, when DCS filed its petition. However, roughly nine months – well over the six month minimum -- had passed since the court formally removed Child from Mother under a dispositional decree under Ind. Code § 31-35-2-4(b)(2)(A)(i). Therefore, the trial court properly concluded the requirements of Ind. Code § 31-35-2-4-(b)(2)(A) were satisfied. *See A.F.*, 762 N.E.2d at 1251 (where children removed over six months under dispositional decree, burden met under Ind. Code § 31-35-2-4(b)(2)(A)). The fact that fifteen months had not passed since Child was initially removed from the home at the time DCS filed its petition for termination cannot serve as a basis for reversal. *See J.M. v. N.M.,* 844 N.E.2d 590, 599 (Ind. Ct. App. 2006) ("To the extent that the judgment is based on erroneous findings, those findings are superfluous and are not fatal to the judgment if the remaining valid findings and conclusions support the judgment.").

[11] Mother does not specifically challenge any other of the trial court's findings or conclusions. Accordingly, we affirm.

[12]    Affirmed.

Kirsch, J., and Crone, J., concur.