

FILED

Jan 13 2021, 9:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Erik H. Carter
Carter Legal Services LLC
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Robert J. Henke
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re the Termination of the Parent Child Relationship of:

K.E. (Minor Child), and

A.C. (Mother),

*Appellants-Respondents,*

v.

Indiana Department of Child Services,

*Appellee-Petitioner*

January 13, 2021

Court of Appeals Case No.
20A-JC-1348

Appeal from the Henry Circuit Court

The Honorable Bob A. Witham, Judge

Trial Court Cause No.
33C01-1711-JC-141

**May, Judge.**

[1] In this belated appeal,[1] A.C. ("Mother") argues the trial court erred when it found she had voluntarily relinquished her parental rights to K.E. ("Child") because the "Voluntary Relinquishment of Parental Rights Form" and the "Rights Advisement" form, (App. Vol. II at 22, 27), she signed did not include language required by Indiana Code section 31-35-1-12(9). We reverse and remand.

# Facts and Procedural History

[2] Child was born to Mother and J.E. ("Father")[2] on February 5, 2013. On November 6, 2017, the Department of Child Services ("DCS") received a report that Child and her older brother were victims of neglect because of drug use and domestic violence between Mother and other adults in the home. Mother denied all allegations, and DCS removed Child[3] from Mother's home. On November 9, 2017, the trial court held an initial hearing on DCS's petition to

---

[1] Indiana Appellate Rule 9(A)(5) states that when a party does not file her appeal within the required time frame, "the right to appeal shall be forfeited." In its brief, DCS contends Mother forfeited her right to appeal by untimely filing and, thus, we should not entertain her belated appeal. However, our Indiana Supreme Court has held that, "although a party forfeits its right to appeal based on an untimely filing of the Notice of Appeal, this untimely filing is not a jurisdictional defect depriving the appellate courts of authority to entertain the appeal." *In re Adoption of O.R.*,16 N.E.3d 965, 971 (Ind. 2014). When a party forfeits its right to appeal, the "question is whether there are extraordinarily compelling reasons why this forfeited right should be restored." *Id*. We can think of few rights more extraordinarily compelling than a parent's Fourteenth Amendment right to establish a home and raise her children. We therefore reject DCS's request that we dismiss Mother's appeal.

[2] It is unclear if Father lived with Mother at this time. The trial court terminated Father's parental rights in a subsequent order and he does not participate in this appeal.

[3] Child's older brother is not included in the appealed order, and his status with DCS after the report of neglect is unclear.

place Child outside of Mother's home, and Mother did not attend. The trial court granted DCS's request to place Child in relative care.[4]

[3] On November 17, 2017, DCS filed a petition alleging Child was a Child in Need of Services ("CHINS"), and the trial court held an initial hearing on the CHINS petition the same day. Mother did not attend the hearing, and it was continued until December 8, 2017. Mother appeared with counsel at the hearing on December 8, 2017. She denied Child was a CHINS and refused to submit to a drug screen. Over the course of the next six months, the trial court held a number of pretrial conferences and granted multiple continuances filed by both parties.

[4] The trial court held a fact-finding hearing on the CHINS petition on June 4, 2018. Mother appeared at the hearing with counsel and denied Child was a CHINS. After presentation of evidence, the trial court took the matter under advisement. On June 5, 2018, the trial court issued its order adjudicating Child as a CHINS. The trial court held a dispositional hearing on June 21, 2018, and entered its dispositional order on July 11, 2018, ordering Mother and Father to participate in certain services.

[5] Over the next several months, the trial court held multiple review hearings. On October 31, 2018, the trial court granted DCS's request that Child's placement be changed to maternal cousin's home, where Child has remained for the

---

[4] The record before us does not indicate the relative with whom Child was initially placed.

entirety of these proceedings. On December 28, 2018, DCS filed a motion to change Child's permanency plan from reunification to adoption. The trial court held a hearing on DCS's request to change Child's permanency plan on January 23, 2019. Mother attended that hearing with counsel, signed a voluntary relinquishment of parental rights form, and testified that she intended to voluntarily relinquish her parental rights to Child. In its order changing Child's permanency plan to adoption or reunification with Father, the trial court found, in relevant part:

> 9. Mother signed paperwork today voluntarily terminating her rights to the Child. She signed voluntary termination and advisement of rights paperwork.
>
> 10. The court finds that Mother signed the voluntary termination paperwork and the advisement of rights paperwork of her own freewill and that she is stating [sic] today that she understood her rights and what she was signing.

(App. Vol. II at 20) (formatting in original omitted).

On July 21, 2020, Mother filed a notice of appeal and a verified motion to accept belated notice of appeal.[5] We granted Mother's motion and accepted her belated notice of appeal on July 31, 2020.

---

[5] In the interim, the trial court terminated Father's parental rights and Child's adoption by maternal cousin was pending as of June 26, 2020.

# Discussion and Decision

[7] We review termination of parental rights with great deference. *In re K.S.*, 750 N.E.2d 832, 836 (Ind. Ct. App. 2001). We will not reweigh evidence or judge the credibility of witnesses. *In re D.D.*, 804 N.E.2d 258, 265 (Ind. Ct. App. 2004), *trans. denied*. Instead, we consider only the evidence and reasonable inferences most favorable to the judgment. *Id.* In deference to the juvenile court's unique position to assess the evidence, we will set aside a judgment terminating a parent-child relationship only if it is clearly erroneous. *In re L.S.*, 717 N.E.2d 204, 208 (Ind. Ct. App. 1999), *trans. denied*, *cert. denied* 534 U.S. 1161 (2002).

[8] "The traditional right of parents to establish a home and raise their children is protected by the Fourteenth Amendment of the United States Constitution." *In re M.B.*, 666 N.E.2d 73, 76 (Ind. Ct. App. 1996), *trans. denied*. To terminate a parent-child relationship in Indiana, DCS must allege and prove:

> (A)  that one (1) of the following is true:
> (i)  The child has been removed from the parent for at least six (6) months under a dispositional decree.
> (ii)  A court has entered a finding under IC 31-34-21-5.6 that reasonable efforts for family preservation or reunification are not required, including a description of the court's finding, the date of the finding, and the manner in which the finding was made.
> (iii)  The child has been removed from the parent and has been under the supervision of a county office of family and children or probation department for at least fifteen (15) months of the most recent twenty-two (22) months, beginning with the date the child

is removed from the home as a result of the child being alleged to be a child in need of services or a delinquent child;

(B)　that one (1) of the following is true:
　　(i)　There is a reasonable probability that the conditions that resulted in the child's removal or the reasons for placement outside the home of the parents will not be remedied.
　　(ii)　There is a reasonable probability that the continuation of the parent-child relationship poses a threat to the well-being of the child.
　　(iii)　The child has, on two (2) separate occasions, been adjudicated a child in need of services;

(C)　that termination is in the best interests of the child; and

(D)　that there is a satisfactory plan for the care and treatment of the child.

Ind. Code § 31-35-2-4(b)(2). DCS must provide clear and convincing proof of these allegations. *In re G.Y.*, 904 N.E.2d 1257, 1260-61 (Ind. 2009), *reh'g denied*. "[I]f the State fails to prove any one of these statutory elements, then it is not entitled to a judgment terminating parental rights." *Id*. at 1261. Because parents have a constitutionally protected right to establish a home and raise their children, the State "must strictly comply with the statute terminating parental rights." *Platz v. Elkhart Cty. Dep't of Pub. Welfare*, 631 N.E.2d 16, 18 (Ind. Ct. App. 1994).

[9] When, as here, a judgment contains specific findings of fact and conclusions thereon, we apply a two-tiered standard of review. *Bester v. Lake Cty. Office of Family & Children*, 839 N.E.2d 143, 147 (Ind. 2005). We determine whether the evidence supports the findings and whether the findings support the judgment. *Id.* "Findings are clearly erroneous only when the record contains no facts to

support them either directly or by inference." *Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind. 1996). If the evidence and inferences support the juvenile court's decision, we must affirm. *In re L.S.*, 717 N.E.2d at 208. Here, Mother challenges the trial court's finding that she voluntarily relinquished her parental rights to Child and, in support, she alleges she did not receive all required advisements prior to doing so.

[10] "Voluntary termination of parental rights severs all legal ties, including visitation rights, between parents and their children." *In re M.B.*, 921 N.E.2d 494, 498 (Ind. 2009). Pursuant to Indiana Code section 31-35-1-6, before allowing parents to consent to voluntary termination of their parental rights, the parents must have given their consent in writing before a legally authorized person, have been "advised in accordance with [Indiana Code section 31-35-1-12,]" and have been "advised that if they choose to appear in open court, the only issue before the court is whether their consent was voluntary." Indiana Code section 31-35-1-12 requires that parents considering voluntary relinquishment of their parental rights must be advised that:

> (1) their consent is permanent and cannot be revoked or set aside unless it was obtained by fraud or duress or unless the parent is incompetent;
>
> (2) when the court terminates the parent-child relationship:
>
>> (A) all rights, powers, privileges, immunities, duties, and obligations, including any rights to custody, control, parenting time, or support pertaining to the relationship, are permanently terminated; and

(B) their consent to the child's adoption is not required;

(3) the parents have a right to the:

(A) care;

(B) custody; and

(C) control;

of their child as long as the parents fulfill their parental obligations;

(4) the parents have a right to a judicial determination of any alleged failure to fulfill their parental obligations in a proceeding to adjudicate their child a delinquent child or a child in need of services;

(5) the parents have a right to assistance in fulfilling their parental obligations after a court has determined that the parents are not doing so;

(6) proceedings to terminate the parent-child relationship against the will of the parents can be initiated only after:

(A) the child has been adjudicated a delinquent child or a child in need of services and removed from their custody following the adjudication; or

(B) a parent has been convicted and imprisoned for an offense listed in IC 31-35-3-4 (or has been convicted and imprisoned for an offense listed in IC 31-6-5-4.2(a) before its repeal), the child has been removed from the custody of

the parents under a dispositional decree, and the child has been removed from the custody of the parents for six (6) months under a court order;

(7) the parents are entitled to representation by counsel, provided by the state if necessary, throughout any proceedings to terminate the parent-child relationship against the will of the parents;

(8) the parents will receive notice of the hearing, unless notice is waived under section 5(b) of this chapter, at which the court will decide if their consent was voluntary, and the parents may appear at the hearing and allege that the consent was not voluntary; and

(9) the parents' consent cannot be based upon a promise regarding the child's adoption or contact of any type with the child after the parents voluntarily relinquish their parental rights of the child after entry of an order under this chapter terminating the parent-child relationship.

Here, the parties do not dispute that the Voluntary Relinquishment of Parental Rights Form that Mother signed lacked an advisement pursuant to Indiana Code section 31-35-1-12(9). "[A] statutory requirement—even one that seems minor or technical—is still a requirement . . . [and] where that requirement protects the fundamental rights of parents, it takes on particular importance." *Matter of Bi.B.*, 69 N.E.3d 464, 469 (Ind. 2017).

In *Matter of D.C.*, 149 N.E.3d 1222 (Ind. Ct. App. 2020), *reh'g denied*, we addressed whether termination of a mother's parental rights was proper when there was no evidence she received the required statutory advisement under

Indiana Code section 31-35-1-12(9). *Id*. at 1234. As is the case here, the consent form DCS provided to the mother did not include an advisement under Indiana Code section 31-35-1-12(9). *Id*. at 1233. The mother in *Matter of D.C.* did not attend the hearing during which her voluntary relinquishment of her parental rights was discussed, but her attorney indicated she had received all advisements. *Id*. Nevertheless, on appeal, we reversed the mother's relinquishment of her parental rights because:

> Ultimately, termination by written consent is proper only if Indiana Code Section 31-35-1-6(a) has been satisfied. *Neal v. DeKalb Cty. Div. of Family & Children*, 796 N.E.2d 280, 285 (Ind. 2003). Here, however, the record does not support a required finding under Indiana Code Section 31-35-1-6(a)(2)(A) (requiring a finding that a parent was "advised in accordance with section 12").

*Id*. at 1234.

[12] DCS attempts to distinguish the facts in *Matter of D.C.* from those before us by pointing out that the mother in *Matter of D.C.* was not present during the hearing at which the voluntary relinquishment of her parental rights was discussed, while Mother testified regarding her voluntary relinquishment. Additionally, DCS argues, without citation to authority, that the timing of the relinquishment is important - the mother in *Matter of D.C.* did not voluntarily relinquish her rights until DCS had filed a petition to terminate her parental rights, while in the case before us, Mother voluntarily relinquished her parental rights during the CHINS proceeding. Relatedly, DCS contends, again with no

citation to authority, that an advisement under Indiana Code section 31-35-1-12(9) would have been premature because "there was no pre-adoptive parent(s) with whom [Mother] could have made an agreement or from whom she could have received a promise." (Br. of Appellee at 22.) These distinctions are of no consequence because, regardless of Mother's participation in the hearing or the timing of her voluntary relinquishment, the plain language of Indiana Code section 31-35-1-6(a) requires that parents agreeing to voluntarily relinquish their parental rights must be "advised in accordance with section 12 of this chapter."

[13] DCS concedes Mother was not advised in accordance with Indiana Code section 31-35-1-12(9), and thus her voluntary relinquishment was invalid. Accordingly, the trial court erred in finding Mother had voluntarily relinquished her parental rights to Child, and we reverse and remand. (*See* Br. of Appellee at 20 ("If the absence of the advisement alone is dispositive, then DCS concedes that, as in *D.C.*, reversal and remand is appropriate to determine whether Mother was advised of the required advisements under Indiana Code section 31-35-1-12.").)

# Conclusion

[14] Because Mother did not receive the advisement required under Indiana Code section 31-35-1-12(9), we reverse the voluntary relinquishment of her parental rights to Child and remand for further fact-finding to determine whether Mother received an advisement under Indiana Code section 31-35-1-12(9).

Reversed and remanded.

Kirsch, J., and Bradford, C.J., concur.