

FILED

May 31 2023, 9:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Office
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General

Robert J. Henke
Director, Child Services Appeal
Unit
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re the Termination of the
Parent-Child Relationship of
T.M. (Minor Child)
and M.M. (Mother)

M.M. (Mother),

*Appellant-Respondent,*

v.

Indiana Department of Child
Services,

*Appellee-Petitioner*

May 31, 2023

Court of Appeals Case No.
22A-JT-2628

Appeal from the
Cass Circuit Court

The Honorable
Stephen R. Kitts, II, Judge

Trial Court Cause No.
09C01-2206-JT-7

**Opinion by Judge Vaidik**
Judges Tavitas and Foley concur.

**Vaidik, Judge.**

# Case Summary

M.M. ("Mother") appeals the termination of her parental rights to her daughter, T.M. ("Child"). She identifies an obvious error in the trial court's order, but under the particular circumstances of this case, the error does not require reversal. We therefore affirm the termination of Mother's rights. However, we remand for correction of the order and remind the trial court of the importance of accurate findings and conclusions in termination orders.

# Facts and Procedural History

Child was born in 2018 to Mother and S.M. ("Father"). In July 2021, the Department of Child Services (DCS) removed Child from Mother and Father and filed a petition claiming she was a child in need of services (CHINS). DCS alleged, in part, that the family had been evicted from their home, the home was unsanitary due in part to bugs and dog feces, Child was dirty and had a "repulsive odor," and Father had been charged with molesting one of the other children in the home. Ex. O.

Father admitted Child was a CHINS and voluntarily relinquished his parental rights. A fact-finding hearing was held regarding Mother in January 2022, and the trial court found Child was a CHINS. In February, the court issued a dispositional decree that ordered Mother to engage in various services. Three days later, however, DCS asked the court to make a finding under Indiana

Code section 31-34-21-5.6 that DCS was not required to make reasonable efforts to reunify Mother and Child, based on the fact that Mother's parental rights to Child's siblings had recently been terminated. *See* Ind. Code § 31-34-21-5.6(b)(4) (providing that reasonable efforts to reunify are not required if "[t]he parental rights of a parent with respect to a biological or adoptive sibling of a child who is a child in need of services have been involuntarily terminated by a court"). In March, the court issued an order making the reasonable-efforts-not-required finding.

[4] In June 2022, DCS filed a petition to terminate Mother's parental rights. The trial court held a termination hearing in September 2022 and issued its termination order in October 2022.

[5] Mother now appeals.

# Discussion and Decision

[6] A petition to terminate a parent-child relationship involving a child in need of services must allege the four elements listed in Indiana Code section 31-35-2-4(b)(2)(A)-(D):

> (A) that one (1) of the following is true:
>
>> (i) The child has been removed from the parent for at least six (6) months under a dispositional decree.
>>
>> (ii) A court has entered a finding under IC 31-34-21-5.6 that reasonable efforts for family preservation or

reunification are not required, including a description of the court's finding, the date of the finding, and the manner in which the finding was made.

(iii) The child has been removed from the parent and has been under the supervision of a local office or probation department for at least fifteen (15) months of the most recent twenty-two (22) months, beginning with the date the child is removed from the home as a result of the child being alleged to be a child in need of services or a delinquent child;

(B) that one (1) of the following is true:

(i) There is a reasonable probability that the conditions that resulted in the child's removal or the reasons for placement outside the home of the parents will not be remedied.

(ii) There is a reasonable probability that the continuation of the parent-child relationship poses a threat to the well-being of the child.

(iii) The child has, on two (2) separate occasions, been adjudicated a child in need of services;

(C) that termination is in the best interests of the child; and

(D) that there is a satisfactory plan for the care and treatment of the child.

"[I]f the court finds that the allegations in a petition described in section 4 of this chapter are true, the court shall terminate the parent-child relationship."

I.C. § 31-35-2-8(a). "If the court does not find that the allegations in the petition are true, the court shall dismiss the petition." *Id.* at (b).

[7] Here, the trial court entered the following conclusions of law addressing the four elements, under the heading "CONCLUSIONS":

> 1. The child has been removed from her parent(s) for at least six (6) months under a disposition decree.
>
> 2. There is a reasonable probability that:
>
>> a. the conditions that resulted in the child's removal or the continued placement outside the home will not be remedied by Mother;
>>
>> b. continuation of the parent-child relationship poses a threat to the Child's wellbeing;
>
> 3. Termination of parental rights is in the Child's best interests;
>
> 4. There is a satisfactory plan for the care and treatment of the Child, that being Adoption.

Appellant's App. Vol. II p. 46. Mother doesn't challenge the second, third, or fourth conclusions. She argues only that the first conclusion is erroneous. We agree, but for the reasons that follow, the error does not require reversal.

[8] Again, under the first element, the petitioner must allege, and ultimately prove, that one of the following is true **at the time of the termination petition**: (1) the child has been removed for at least six months under the CHINS dispositional

decree, (2) a reasonable-efforts-not-required finding has been entered, or (3) the child has been removed for fifteen of the most recent twenty-two months. I.C. § 31-35-2-4(b)(2)(A). Together, these provisions ensure that neither too little time nor too much time passes before a termination petition is filed. *See In re Bi.B.*, 69 N.E.3d 464 (Ind. 2017) (describing the provisions as "waiting periods"); *M.H.C. v. Hill*, 750 N.E.2d 872, 875-77 (Ind. Ct. App. 2001) (explaining that provisions (ii) and (iii) were added to the statute in 1999 to comply with federal law that seeks "to ensure that children did not spend long periods of their childhoods in foster care or other settings designed to be temporary").

[9] In this case, DCS's termination petition alleged that the second provision was true. Appellant's App. Vol. II p. 11. And it was. During the underlying CHINS case, the trial court entered a reasonable-efforts-not-required finding under Indiana Code section 31-34-21-5.6. DCS did not allege, and could not have alleged, that the other provisions were true. When DCS filed the termination petition in June 2022, the first provision wasn't true because the CHINS dispositional decree had been issued just four months earlier (in February 2022), and the third provision wasn't true because Child had only been removed for a total of eleven months (since July 2021). At the termination hearing in September 2022, DCS—consistent with its allegation—introduced as an exhibit a copy of the reasonable-efforts-not-required finding from the CHINS case. *See* Ex. V.

[10] It was two weeks later, in the termination order, that things went awry. In its findings of fact, the trial court correctly found that "[a] finding of No

Reasonable Efforts Required was found, and order signed 3/22/2022." Appellant's App. Vol. II p. 43. But then, as noted above, the court didn't mention the reasonable-efforts-not-required finding in its legal conclusions at the end of the order. *Id.* at 46. Rather, the court stated that "[Child] has been removed from her parent(s) for at least six (6) months under a disposition decree." *Id.* This is a mistaken reference to the first provision of Section 31-35-2-4(b)(2)(A), which DCS hadn't alleged in its termination petition and which hadn't been satisfied when the petition was filed.

[11] Mother seizes on that error. She argues that the erroneous six-month-removal conclusion requires reversal of the termination order even though there was "evidence adduced at trial" that would have been sufficient to sustain the decision on a different legal theory, i.e., the existence of the reasonable-efforts-not-required finding. Appellant's Br. pp. 4, 9, 10. If all that happened regarding the reasonable-efforts-not-required finding was the presentation of evidence, we would agree with Mother that reversal is appropriate. In a termination case, the allegations in the petition and the trial court's findings and conclusions as to those allegations are just as important as the evidence presented at the final hearing. *See* I.C. § 31-35-2-8; *In re Bi.B.*, 69 N.E.3d 464.

[12] But as we already noted, presentation of evidence wasn't the only thing that happened regarding the reasonable-efforts-not-required finding. DCS, in its termination petition, expressly and correctly alleged that such a finding had been entered during the CHINS case. And the trial court, in its findings of fact, expressly and correctly found that "[a] finding of No Reasonable Efforts

Required was found, and order signed 3/22/2022." Again, under Indiana Code section 31-35-2-8(a), the court must terminate the parent-child relationship if it "finds" that the allegations in a termination petition are true. Here, the court did "find" DCS's reasonable-efforts-not-required allegation to be true, albeit only in the findings of fact.

[13] Mother would have us reverse because that finding was not repeated under the "CONCLUSIONS" heading, along with the court's other legal conclusions. While the finding certainly should have been repeated as a conclusion, to reverse on that basis would be to elevate form over substance, which we seek to avoid. *See Moryl v. Ransone*, 4 N.E.3d 1133, 1139 (Ind. 2014). Moreover, at the end of its findings of fact, just before the "CONCLUSIONS," the court stated, "Any matter enumerated above as a Finding of Fact which may be found as a Conclusion of Law is hereby deemed a Conclusion of Law." Appellant's App. Vol. II p. 46. Viewed in that light, the court's finding of fact regarding the reasonable-efforts-not-required finding was also a conclusion of law.

[14] For these reasons, we affirm the termination of Mother's parental rights to Child. However, we remand this matter to the trial court for the entry of a corrected order. *See* Ind. Appellate Rule 66(C)(7) (allowing appellate court to "order correction of a judgment or order").

[15] To be clear, our affirmance of the termination does not mean we are comfortable with the mishandling of the termination order by both DCS and the trial court. The docket indicates that DCS included the erroneous six-

month-removal conclusion in the proposed termination order it submitted to the trial court. The court then signed the proposed order without making any changes. Both DCS and the court bear responsibility for this unfortunate situation. With the stakes in termination cases being so high, the findings of fact and conclusions of law must be precise so that the reasons for termination are clear to everyone involved. Under the specific circumstances of this case, however, reversal is not required.

[16] Affirmed and remanded.

Tavitas, J., and Foley, J., concur.