725 N.E.2d 981 (2000)
In re the Matter of the Termination of the Parent-Child Relationship of D.L.M. and M.G.
Melanie R. Games, Appellant-Respondent,
v.
Elkhart Office of Family and Children, Appellee-Petitioner.
No. 20A04-9909-JV-433.
Court of Appeals of Indiana.
March 30, 2000.
*982 Nancy A. McCaslin, McCaslin & McCaslin, Elkhart, Indiana, Attorney for Appellant.
Kathleen B. Dvorak, Heather B. Markette, South Bend, Indiana, Attorneys for Appellee.

OPINION
BAILEY, Judge

Case Summary
Appellant-Respondent Melanie R. Games ("Games") appeals the judgment of the trial court terminating her parental rights. We reverse.

Issue
Games presents two issues of which the following is dispositive:
Whether Games received proper notice of the termination hearing.[1]

Facts/Procedural History
On May 12, 1999, the Elkhart County Office of Family and Children ("the County") filed a petition to terminate Games's parental rights with regard to her two children, D.M. and M.G, who had previously been adjudicated children in need of services (CHINS).[2] A termination hearing was scheduled for August 31, 1999. Subsequently, it was rescheduled to August 6, 1999, or approximately three weeks earlier than the original hearing. The Chronological Case Summary (CCS) contains the following entry with regard to the rescheduled hearing:
07/06/1999 Notice: A RJO: N
Cause now reassigned to David A[.] Denton for further proceedings. Pre-trial conf[.] set 07/30/99 at 8 a[.]m. 08/31/99 trial reset to 08/06/99 at 8:30 a[.]m. Parties reminded of provisions of Local Rule 13 regarding disclosure of witnesses and exhibits. Clerk to notify respondents. Cg
(R. 6, 10.) The court's Juvenile Notice Verification List (JNVL) indicates that the clerk sent notice of the new hearing date to Games's attorney, but did not send notice to Games.
Games failed to appear for the August 6, 1999 termination hearing. After noting Games's absence on the record, the trial *983 court heard the evidence. The record does not indicate that Games's attorney either addressed Games's absence in open court or requested a continuance. After hearing the evidence, the trial court entered its decision terminating Games's parental rights.[3] This appeal followed.

Discussion/Decision

Whether Games received proper notice of the termination hearing.
Indiana Code section 31-35-2-6.5 applies to notice of termination hearings in CHINS cases. Subsections (b) and (c) of the statute state, in relevant part:
(b) At least five (5) days before a hearing on a petition or motion under this chapter:
(1) the person or entity who filed the petition to terminate the parent-child relationship ...;
....
shall send notice of the review to the persons listed in subsection (c).
(c) The following persons shall receive notice of a hearing on a petition or motion filed under this chapter:
(1) The child's parent....
The County acknowledges that the statute requires that notice be sent to the child's parent, but, without citation to any applicable authority, urges us to look to equity and "the surrounding circumstances and underlying facts" of the present case to reach the proposition that notice to Games's attorney was sufficient. (Appellant's Brief at 8.)[4] We reject the County's argument.
Indiana Code section 31-35-2-6.5 specifically requires the party petitioning for termination to send notice of the termination hearing to "[t]he child's parent." Judicial interpretation of a statute is warranted only where its meaning or its language is ambiguous. Portland Summer Festival and Homecoming v. Dept. of Revenue, 624 N.E.2d 45, 47 (Ind.Ct.App.1994). Here, the language of the statute requiring that notice be sent to "[t]he child's parent" is plain and unambiguous and is therefore not subject to judicial interpretation. Thus, we hold that the County was required to serve notice on Games in addition to her attorney.
Our conclusion that the County was required to serve notice of the hearing on Games is supported by the heightened principles of due process in termination hearings. The parent-child relationship is one of the most valued relationships in our culture. See Browder v. Harmeyer, 453 N.E.2d 301, 308 (Ind.Ct.App.1983) (stating that the relationship "is so special that it alone of all familial connections has a special procedure whereby affected parties must be accorded certain proceedings before rights thereto can be terminated"). Termination proceedings are comparable to criminal proceedings, as was expressed by our legislature when it granted parents in termination proceedings the right to counsel. See Indiana Code section 31-32-2-5. In a termination hearing, it is the parent whose substantial rights are at stake. Accordingly, notice of the termination hearing must be given to the parent himself or herself and not simply to the parent's attorney.
*984 We note that this Court has held in other contexts, where much less was at stake, that notice to the attorney is not notice to the party. For example, in Solar Sources, Inc. v. Air Pollution Control Board, 409 N.E.2d 1136 (Ind.Ct.App.1980), we concluded that the appellant's petition for review of an administrative decision was not untimely where the administrative agency sent notice of its decision to the affected party's attorney rather than to the affected party. In so holding, we noted that the applicable statute specifically directed that service be made on the affected party. In addition, the period to request review of the decision was merely fifteen days. In the present case, the statute requires only five days notice to the parent. Such a short period is even further condensed when notice is served on the attorney, who must in turn notify his or her client. We therefore hold that fairness dictates that a parent must be notified of the hearing date at the same time as his or her attorney.[5]

Conclusion
In conclusion, the termination statute unambiguously states that notice of a termination hearing shall be served upon "[t]he child's parent." IND.CODE § 31-35-2-6.5. This specific language, in conjunction with the short notice period before the hearing and the fundamental rights at stake during the termination hearing, leads us to the conclusion that a child's parent, as well as that parent's attorney, is entitled to notice of the hearing.
Reversed.
MATTINGLY, J., and BROOK, J., concur.
NOTES
[1] Games also contends that trial counsel was ineffective for failing to request a continuance or to file a motion to correct errors after she failed to appear for the hearing. Inasmuch as we are able to resolve this case without reaching the issue of ineffective assistance, we do not address this argument.
[2] The Chronological Case Summary (CCS) indicates the petition was filed May 17, 1999. (R. 6, 10, 106, 112.) However, the actual Verified Petition to Terminate Parental Rights is file-stamped May 12, 1999, and that is the date upon which we rely. (R. 26, 29, 129, 134).
[3] We further note that the trial court failed to address the issue of notice in its findings of fact and conclusions of law. (R. 17-20.) At the same time, however, the trial court addressed the absence of D.M.'s father from the hearing (M.G.'s father was not a party to the proceedings), and noted in its findings that notice of the hearing had been made on him. (R. 19.)
[4] The County also bases its arguments upon a contact log report compiled by Games's case manager that contains notations indicating that the case manager had advised Games of the new hearing date. The report, however, is included in an appendix to the County's appellate brief and is not part of the appellate record. Counsel should be aware of the well-established rule of appellate procedure that our court may not consider evidence outside the record. See Hyundai Motor Co. v. Stamper, 651 N.E.2d 803, 810 n. 3 (Ind.Ct.App. 1995). Accordingly, we do not rely on the report in reaching our decision.
[5] In reaching our decision, we further acknowledge the language of Indiana Trial Rule 5(B), which requires service upon a party's attorney of record. Indiana Code section 31-35-2-6.5 can be reconciled with Trial Rule 5(B) in that it places an additional requirement on the party requesting the termination to serve the parent with notice as well as the parent's attorney.