# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**STEPHEN P. MURPHY, JR.**
Law Offices of Stephen Murphy, LLC
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**ROBERT J. HENKE**
Indiana Department of Child Services
Indianapolis, Indiana

**GARA U. LEE**
Indiana Department of Child Services
Vincennes, Indiana

**FILED**

Jun 15 2012, 8:55 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

IN THE MATTER OF THE TERMINATION )
OF THE PARENT-CHILD RELATIONSHIP )
OF H.K., Ta.K., AND Ty.K., (Minor Children), )
AND R.K., THEIR MOTHER, AND D.K., )
THEIR FATHER, )
                              )
R.K. (MOTHER), )
     Appellant-Respondent, )
                              )
         vs. )   No. 42A05-1109-JT-548
                              )
THE INDIANA DEPARTMENT OF CHILD )
SERVICES, )
     Appellee-Petitioner. )

APPEAL FROM THE KNOX SUPERIOR COURT
The Honorable W. Timothy Crowley, Judge
Cause Nos. 42D01-1105-JT-16, -JT-17, and -JT-18

June 15, 2012

OPINION - FOR PUBLICATION

**BAILEY, Judge**

**Case Summary**

R.K. ("Mother") appeals the involuntary termination of her parental rights to her children, H.K., Ta.K., and Ty.K. The sole issue on appeal is whether the termination order should be set aside because the Indiana Department of Child Services failed to provide Mother with adequate notice of the termination hearing.

We remand with instructions.

**Facts and Procedural History**

On May 9, 2011, the local Knox County Office of the Indiana Department of Child Services ("KCDCS") filed petitions seeking the involuntary termination of Mother's parental rights to H.K., Ta.K., and Ty.K, who had previously been adjudicated children in need of services ("CHINS"). During a case conference on May 12, 2011, Mother was personally served with copies of the involuntary termination petitions, summons, and order setting a consolidated initial hearing for all three termination cases for June 1, 2011. Entries in the trial court's Chronological Case Summary ("CCS") under each cause number for all three children indicate that copies of these documents had also been placed in the Knox County Sheriff Department's "box" for service on both parents.[1] The documents were later returned as undeliverable.

The initial hearing on the termination petitions was held as scheduled on June 1, 2011. Mother failed to appear but was represented by counsel. Mother also had not visited with

---

[1] KCDCS explains in its Appellee's Brief that the "box" notation is a reference to the Knox County courthouse mailbox and/or internal courthouse procedure used to provide documents for service on parties. See Appellee's Br. p. 4, n5.

the children since May 17, 2011, and had ceased all communications with the KCDCS case manager and service providers. At the conclusion of the initial hearing, the trial court scheduled an evidentiary hearing pertaining to all three termination petitions for August 29, 2011. In addition, the court assigned new counsel, Donita Farr, to represent Mother throughout the remainder of the termination proceedings.

Approximately three weeks before the termination hearing, attorney Farr filed a Notice ToThe Court indicating she had made three unsuccessful attempts to locate Mother. The consolidated hearing on all three termination petitions was held as scheduled on August 29, 2011. Mother failed to appear.

At the commencement of the termination hearing, attorney Farr made an oral motion to continue the termination hearing, arguing KCDCS had failed to provide Mother with proper notice of the hearing. In so doing, Farr informed the trial court that she had finally spoken with Mother earlier that same morning and that Mother, who had been residing in Florida, indicated she "was unaware of the proceedings today" and "had never received any paperwork regarding the termination or the termination proceedings." Tr. at 26-27.

KCDCS objected to the requested continuance. In support thereof, counsel for KCDCS, Gara Lee, emphasized that the trial court's records confirm Mother was "personally served with the Petition in these matters on May 12, 2011." Id. at 27. Attorney Lee further argued:

> [KCDCS] attempted to notify [Mother] every way we could. Ms. Ford
> [KCDCS case manager] mailed notice of today's hearing to [Mother's] last
> known address . . . which came back. [Ford] diligently tried to locate
> [Mother], finally did so on Friday[,] and I believe that's the only reason that

3

[Attorney Farr] received any kind of contact from [Mother] . . . this morning. I also believe that the testimony will show that after that May 12th date, when [Mother] was personally served, that there were further conferences at [KCDCS] that [Mother] was a part of where this matter was discussed and so I think she's fully aware of what's going on.

Id. at 27-28. In denying attorney Farr's motion to continue the termination hearing, the trial court stated:

[G]iven the fact that the file shows that [Mother] was personally notified of the initial hearing date on the termination [case] . . . [and] has moved away and has, essentially, not participated at all in communicating with her attorney in any way, shape[,] or form between the appointment of Ms. Farr . . . at the initial hearing and this date, given the fact that I think that we really need to move forward with some resolution, the Court determines that the motion to continue should be denied . . . .

Id. at 28-29. The trial court thereafter proceeded with the termination hearing.

During the termination hearing, KCDCS case manager Susan Ford testified that there were repeated periods of time throughout the underlying CHINS and termination cases during which KCDCS was unable to locate or contact Mother despite the trial court's dispositional order directing Mother to maintain regular contact with KCDCS and to inform KCDCS, within five days, of any change in address, telephone number, or household composition. Case manager Ford also confirmed Mother had not contacted KCDCS or any of her service providers since she attended a case conference in May 20, 2011. Although Ford informed the trial court that personal service of the involuntary termination petition and summons pertaining to the initial hearing in June 2011was achieved on Mother, Ford did not testify as to whether KCDCS ever provided Mother with notice of the August 2011 evidentiary hearing. Nor was there any other testimony or documentary evidence submitted

4

during the termination hearing to show that Mother was ever provided with notice of the August 2011 termination hearing.

At the conclusion of the termination hearing, the trial court found that "notice has been provided to all persons required by statute in the most effective means and under the circumstances." Id. at 71. The court further determined that although Mother informed her attorney that morning that she was unaware of the termination proceedings, the documents in the court's files "indicating personal service of these matters," and testimony from case manager Ford regarding the May 2011 case conferences Mother attended during which "there had been discussions with [Mother] about the significance and the importance of the June 1st initial hearing that Mother failed to attend" indicates otherwise. Id.

Later the same day, the trial court entered its written judgment terminating Mother's parental rights to all three children. Mother now appeals.[2]

**Discussion and Decision**

Mother's sole argument on appeal is that she is entitled to reversal because KCDCS failed to provide her with proper notice of the August 2011 termination hearing. Presumably due to the significance of the interests at stake, our legislature has enacted an additional notice requirement in involuntary termination proceedings. Specifically, Section 31-35-2-6.5 provides, in relevant part, that "at least ten (10) days before a hearing on a petition or motion under this chapter . . . the person or entity who filed the petition to terminate the parent-child

---

[2] We observe that the children's biological father, D.K., voluntarily relinquished his parental rights to all three children at the commencement of the August 2011 termination hearing. Father does not participate in this appeal. Consequently, we limit our recitation of the facts to those pertinent solely to Mother's appeal. The trial court's termination order as it relates to Father remains wholly intact and unaffected by our decision today.

relationship [here, KCDCS] . . . shall send notice of the review to . . . [t]he child's parent . . . ."

"Compliance with the statutory procedure of the juvenile code is mandatory to effect termination of parental rights." In re T.W., 831 N.E.2d 1242, 1246 (Ind. Ct. App. 2005). Although statutory notice "is a procedural precedent that must be performed prior to commencing an action," it is not "an element of plaintiff's claim." Id. Failure to comply with statutory notice is thus "a defense that must be asserted." Id. Once placed in issue, "the plaintiff [here, KCDCS] bears the burden of proving compliance with the statute." Id.

Because Mother claimed that KCDCS failed to provide her with notice of the August 2011 termination hearing, the burden has shifted to KCDCS to prove compliance with Indiana Code section 31-35-2-6.5. The trial court's CCS makes clear that an order was "entered" on June 3, 2011, following the court's consolidated initial hearing in the termination cases. Appellant's Appendix p. 4. The specific language of the trial court's order, however, was not included in the CCS entry, and the CCS does not indicate whether the trial court's order was ever provided to Mother and/or whether the order included the date of the final evidentiary hearing scheduled in August 2011.

Curiously, although KCDCS entered into evidence copies of the involuntary termination petitions and summonses pertaining to the June 2011 initial hearing that were mailed to Mother's last known address, the record on appeal is devoid of any evidence showing KCDCS likewise attempted to serve Mother with notice of the August 2011 termination hearing. In addition, case manager Farr never testified that notice of the August

6

2011 termination hearing was mailed to Mother's last known address as suggested by attorney Lee, and the trial court's explanation for denying Mother's motion to continue the termination hearing quoted above seems to focus on KCDCS's notice to Mother regarding the June 2011 initial hearing, rather than the August 2011 evidentiary hearing.

Although Indiana Code section 31-35-2-6.5 does not require compliance with Indiana Trial Rule 4, which governs service of process and incorporates a jurisdictional component, KCDCS was nevertheless required by Indiana Code section 31-35-2-6.5 to send notice of the termination hearing to Mother's last known address at least ten days before the hearing.  See id.; also In re C.C., 788 N.E.2d 847, 851 (Ind. Ct. App. 2003) (concluding that notice sent to Father's last known address at homeless shelter was not defective under Indiana Code section 31-35-2-6.5 even though case manager knew father no longer lived there because it was father's last known address and statue does not require compliance with Ind. Trial R. 4), trans. denied; In re D.L.M., 725 N.E.2d 981 (Ind. Ct. App. 2000) (concluding that notice to parent's attorney alone does not satisfy notice requirements of Indiana Code section 31-35-2-6.5, which specifically requires party petitioning for termination to send notice of termination hearing to child's parent).  Unfortunately, it is not clear from the record whether KCDCS sent proper notice of the August 2011 termination hearing to Mother's last known address, and this court cannot simply rely upon attorney Lee's unsubstantiated comment to the trial court that "Ms. Ford mailed notice of today's hearing to [Mother's] last known address . . . which came back" for purposes of determining on appeal whether LCDCS fulfilled its statutory notice obligations set forth in Indiana Code section 31-35-2-6.5.  Transcript at 27.

7

We therefore conclude that the most appropriate remedy is to remand this cause to the trial court with instructions that the court conduct a hearing to determine (1) whether KCDCS complied with the statutory notice mandates of Indiana Code section 31-35-2.6.5 by properly notifying Mother of the August 29, 2011 termination hearing and (2) if the notice requirements of Indiana Code 31-35-2-6.5 were not met, whether this procedural irregularity violated Mother's due process rights under the facts of this case. See T.W., 831 N.E.2d at 1247 (concluding that even assuming, *arguendo*, that Indiana Department of Child Services failed to provide mother with proper notice of termination hearing, procedural irregularity did not violate mother's due process rights under specific facts of case where mother appeared at termination hearing and was represented by counsel).

Remanded with instructions for further proceedings not inconsistent with this opinion. ROBB, C.J., and MATHIAS, J., concur.