[1] Appellant's Brief and Appendix were filed on May 4, 2018. On May 31, 2018, the Court ordered Appellee Indiana Department of Child Services ("DCS") to file its brief by June 18, 2018. Instead of filing a brief, DCS, by counsel, has filed a Verified Motion to Remand, or in the Alternative, a New Briefing Schedule. In the motion, DCS essentially concedes that Appellant was not provided with adequate notice of the termination of parental rights hearing and that the trial court violated Appellant's due process rights when it defaulted her while she was present in the court's waiting room but excluded from the actual courtroom. DCS asks that the case be dismissed without prejudice and remanded to the trial court for further proceedings consistent with due process. DCS alleges that Appellant does not object to remand.
[2] Over the past six (6) months, DCS has filed eight (8) motions to remand that are substantively similar to the motion at issue here. See Termination: S.T. v. Indiana Dep't of Child Services , No. 48A02-1709-JT-2094; Termination: T.Z. v. Indiana Dep't of Child Services , No. 79A02-1710-JT-2406; Termination: K.P. v. Indiana Dep't of Child Services , No. 53A05-1712-JT-2830; Termination: N.L. v. Indiana Dep't of Child Services , No. 18A-JT-94; Termination: A.B. v. Indiana Dep't of Child Services , No. 18A-JT-170; Termination: C.S., et al. v. Indiana Dep't of Child Services , No. 18A-JT-280; Termination: J.F., et al. v. Indiana Dep't of Child Services , No. 18A-JT-341; Termination: L.R. v. Indiana Dep't of Child Services , No. 18A-JT-529. This is the ninth such motion filed by DCS, and the Court is aware of a tenth motion that has been filed in Cause Number 18A-JT-530. The motions are always filed after Appellant has filed their brief. In these motions, DCS essentially concedes that Appellant has either not been provided with adequate notice or that their due process rights have been violated. DCS then, as in this case, requests that the matter be remanded to the trial court for further proceedings consistent with due process.
[3] It is not clear why DCS has suddenly chosen to file motions to remand in these cases rather than file a brief. The result of this, though, is that the Court has primarily dealt with these issues through its orders and not in a formal opinion. While the *709 orders of this Court carry weight, they do not carry the weight or the effect that an opinion from this Court does. By filing a motion to remand, DCS has successfully avoided defending repeated, significant violations of due process in termination of parental rights cases.
[4] The increasing frequency of these motions suggest that there are repeated, significant violations of due process occurring in termination of parental rights cases throughout this state. This is a disturbing trend given the fundamental rights at issue in these types of cases. See In re Adoption of O.R. , 16 N.E.3d 965, 972 (Ind. 2014) (noting that the Fourteenth Amendment to the United States Constitution protects the rights of parents to establish a home and raise their children, that parents have a fundamental liberty interest in the care, custody, and control of their children, and that the parent-child relationship is one of the most valued relationships in our culture).
[5] While the Court commends DCS for essentially conceding error in these cases, the Court is obligated to formally admonish DCS for its failure to afford litigants throughout this state the due process rights they are owed. Furthermore, the Court also reminds the trial courts throughout this state of their duty to ensure that litigants' due process rights are not violated. Given the fundamental due process rights at issue in termination of parental rights cases, affording litigants these fundamental due process rights is essential, including not only the litigants but also their children.
[6] Having reviewed the matter, the Court finds and orders as follows:
1. Pursuant to Appellate Rule 37, Appellee's Verified Motion to Remand is granted. This appeal is dismissed without prejudice and remanded to the trial court for further proceedings consistent with due process.
2. Appellant may, after filing a new notice of appeal, raise the issues Appellant would have raised in this appeal along with any new issues created by the trial court's ruling(s) on remand.
3. The Court directs that this order should be published. The Clerk of this Court is directed to send copies of this order to West/Thomson Reuters, LexisNexis, and all other sources to which decisions/opinions of this Court are normally sent.
4. The Clerk of this Court is directed to send a copy of this order to the parties, Judge Brent J. Niemeier of the Vanderburgh Superior Court, Magistrate Renee A. Ferguson of the Vanderburgh Superior Court, the Vanderburgh Circuit and Superior Courts Clerk, Indiana Attorney General Curtis Hill, and Terry J. Stigdon, Director of the Indiana Department of Child Services.
5. The Vanderburgh Circuit and Superior Courts Clerk is directed to file a copy of this order under Cause Numbers 82D04-1711-JT-2195, 82D04-1711-JT-2196, 82D04-1711-JT-2197, and 82D04-1711-JT-2198, and, pursuant to Indiana Trial Rule 77(D), the Clerk shall place the contents of this order in the Record of Judgments and Orders.
Mathias, J., Darden, Friedlander, Sr.JJ., concur.