

FILED

Sep 07 2018, 8:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Erin L. Berger
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Robert J. Henke
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In re the Termination of the Parent-Child Relationship of J.K., B.K., and I.R. (Minor Children) and | September 7, 2018 |
| L.R. (Mother), | Court of Appeals Case No. 18A-JT-529 |
| *Appellant-Respondent,* | Appeal from the Vanderburgh Superior Court |
| v. | The Honorable Brett J. Niemeier, Judge |
| Indiana Department of Child Services, | The Honorable Renee A. Ferguson, Magistrate |
| *Appellee-Petitioner.* | Trial Court Cause Nos. 82D04-1711-JT-2034 82D04-1711-JT-2035 82D04-1711-JT-2036 |

**Mathias, Judge.**

[1] The Vanderburgh Superior Court terminated L.R.'s parental rights to her children without affording her due process under Indiana statute in several, separate instances. For this reason, we reverse the trial court's judgment.

[2] Initially, we observe that on June 9, 2018, our court issued an order addressing due process violations in termination of parental rights cases from courts across the state. Specifically, in the Order, our court noted that DCS has filed motions for remand in too many cases conceding, as it did in this case, that the Appellant had not been provided with due process or their due process rights have been violated. In its motions, DCS requested that the cases be remanded to the trial court for further proceedings consistent with due process. Our court observed that

> The increasing frequency of these motions suggest that there are repeated, significant violations of due process occurring in termination of parental rights cases throughout this state. This is a disturbing trend given the fundamental rights at issue in these types of cases. . . .

> While the Court commends DCS for essentially conceding error in these cases, the Court is obligated to formally admonish DCS for its failure to afford litigants throughout this state the due process rights they are owed. Furthermore, the Court also reminds the trial courts throughout this state of their duty to ensure that litigants' due process rights are not violated. Given the fundamental due process rights at issue in termination of parental rights cases, affording litigants these fundamental due process rights is essential, including not only the litigants but also their children.

*See* Exhibit A,[1] June 9, 2018 Order in Case No. 18A-JT-527. This case was referenced in this Order.

[3] Here, L.R. failed to appear for a "status of counsel" hearing.[2] For this reason alone, and on the motion of the Department of Child Services ("DCS"), the trial court entered a default judgment against her and terminated her parental rights. L.R. filed a timely motion to correct error, and at the hearing held on that motion, she was denied the opportunity to explain her failure to appear.

[4] DCS concedes that L.R. "was not provided the due process protection to which she is entitled" and the "court's termination order does not satisfy the requirements of Indiana Code [section] 31-35-2-8[.]" Appellee's Br. at 10. Specifically, the trial court failed to enter findings of fact and conclusions of law as required by Indiana Code section 31-35-2-8. "Compliance with the statutory procedure of the juvenile code is mandatory to effect termination of parental rights."[3] *In re H.K.*, 971 N.E.2d 100, 103 (Ind. Ct. App. 2012) (quoting *In re T.W.*, 831 N.E.2d 1242, 1246 (Ind. Ct. App. 2005)).

---

[1] The June 9, 2018 Order specifically references ten cases. Four of those are from Judge Niemeier's court. The order is attached to this opinion as Exhibit A.

[2] L.R. was present for an initial hearing held on November 28, 2017. At that hearing, L.R., who waived her right to counsel during the CHINS proceedings, requested counsel, and counsel was appointed. The chronological case summary describes the December 12, 2017 hearing as a "status of counsel hearing," and L.R. was told that the purpose of the December 12, 2017 hearing was to answer the petition to terminate her parental rights. Appellant's App. p. 15; Tr. p. 7. The December 12, 2017 hearing was not set as a fact-finding hearing on the petition.

[3] The transcript in this case shows repeated violations of L.R.'s fundamental due process rights. We are at a loss as to any possible, just reason for such conduct.

[5] For all of these reasons, we reverse the trial court's order terminating L.R.'s parental rights.

[6] Reversed and remanded for proceedings consistent with this opinion.

Bailey, J., and Bradford, J., concur.

**EXHIBIT A**

Termination:

A.A.,

*Appellant,*

    v.

Indiana Department of Child Services,

*Appellee.*

Court of Appeals Case No. 18A-JT-527



**FILED**

Jul 09 2018, 3:46 pm

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

## Order

Appellant's Brief and Appendix were filed on May 4, 2018. On May 31, 2018, the Court ordered Appellee Indiana Department of Child Services ("DCS") to file its brief by June 18, 2018. Instead of filing a brief, DCS, by counsel, has filed a Verified Motion to Remand, or in the Alternative, a New Briefing Schedule. In the motion, DCS essentially concedes that Appellant was not provided with adequate notice of the termination of parental rights hearing and that the trial court violated Appellant's due process rights when it defaulted her while she was present in the court's waiting room but excluded from the actual courtroom. DCS asks that the case be dismissed without prejudice and remanded to the trial court for further proceedings consistent with due process. DCS alleges that Appellant does not object to remand.

Over the past six (6) months, DCS has filed eight (8) motions to remand that are substantively similar to the motion at issue here. *See Termination: S.T. v. Indiana Dep't of Child Services*, No. 48A02-1709-JT-2094; *Termination: T.Z. v. Indiana Dep't of Child Services*, No. 79A02-1710-JT-2406; *Termination: K.P. v. Indiana Dep't of Child Services*, No. 53A05-1712-JT-2830; *Termination: N.L. v. Indiana Dep't of Child Services*, No. 18A-JT-94; *Termination: A.B. v. Indiana Dep't of Child Services*, No. 18A-JT-170; *Termination: C.S., et al. v. Indiana Dep't of Child Services*, No. 18A-JT-280; *Termination: J.F., et al. v. Indiana Dep't of Child Services*,

No. 18A-JT-341; *Termination: L.R. v. Indiana Dep't of Child Services*, No. 18A-JT-529. This is the ninth such motion filed by DCS, and the Court is aware of a tenth motion that has been filed in Cause Number 18A-JT-530. The motions are always filed after Appellant has filed their brief. In these motions, DCS essentially concedes that Appellant has either not been provided with adequate notice or that their due process rights have been violated. DCS then, as in this case, requests that the matter be remanded to the trial court for further proceedings consistent with due process.

It is not clear why DCS has suddenly chosen to file motions to remand in these cases rather than file a brief. The result of this, though, is that the Court has primarily dealt with these issues through its orders and not in a formal opinion. While the orders of this Court carry weight, they do not carry the weight or the effect that an opinion from this Court does. By filing a motion to remand, DCS has successfully avoided defending repeated, significant violations of due process in termination of parental rights cases.

The increasing frequency of these motions suggest that there are repeated, significant violations of due process occurring in termination of parental rights cases throughout this state. This is a disturbing trend given the fundamental rights at issue in these types of cases. *See In re Adoption of O.R.*, 16 N.E.3d 965, 972 (Ind. 2014) (noting that the Fourteenth Amendment to the United States Constitution protects the rights of parents to establish a home and raise their children, that parents have a fundamental liberty interest in the care, custody, and control of their children, and that the parent-child relationship is one of the most valued relationships in our culture).

While the Court commends DCS for essentially conceding error in these cases, the Court is obligated to formally admonish DCS for its failure to afford litigants throughout this state the due process rights they are owed. Furthermore, the Court also reminds the trial courts throughout this state of their duty to ensure that litigants' due process rights are not violated. Given the fundamental due process rights at issue in termination of parental rights cases, affording litigants these fundamental due process rights is essential, including not only the litigants but also their children.

Having reviewed the matter, the Court finds and orders as follows:

1. Pursuant to Appellate Rule 37, Appellee's Verified Motion to Remand is granted. This appeal is dismissed without prejudice and remanded to the trial court for further proceedings consistent with due process.
2. Appellant may, after filing a new notice of appeal, raise the issues Appellant would have raised in this appeal along with any new issues created by the trial court's ruling(s) on remand.
3. The Court directs that this order should be published. The Clerk of this Court is directed to send copies of this order to West/Thomson Reuters, LexisNexis, and all other sources to which decisions/opinions of this Court are normally sent.
4. The Clerk of this Court is directed to send a copy of this order to the parties, Judge Brent J. Niemeier of the Vanderburgh Superior Court, Magistrate Renee A. Ferguson of the Vanderburgh Superior Court, the Vanderburgh Circuit and Superior Courts Clerk, Indiana Attorney General Curtis Hill, and Terry J. Stigdon, Director of the Indiana Department of Child Services.
5. The Vanderburgh Circuit and Superior Courts Clerk is directed to file a copy of this order under Cause Numbers 82D04-1711-JT-2195, 82D04-1711-JT-2196, 82D04-1711-JT-2197, and 82D04-1711-JT-2198, and, pursuant to Indiana Trial Rule 77(D), the Clerk shall place the contents of this order in the Record of Judgments and Orders.

Ordered_____7/9/2018_____

Mathias, J., Darden, Friedlander, Sr.JJ., concur.

For the Court,

_Nancy Harris Vaidik_
_____
Chief Judge