

**FILED**
Oct 17 2018, 10:19 am
**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Robert J. Henke
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Termination of Parent Rights of: B.J. (Minor Child), <br><br> and <br><br> T.J. (Mother), <br><br> *Appellant-Respondent,* <br><br> v. <br><br> The Indiana Department of Child Services, <br><br> *Appellee-Petitioner* | October 17, 2018 <br><br> Court of Appeals Case No. 18A-JT-1266 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable G. George Pancol, Judge <br><br> Trial Court Cause No. 48C02-1702-JT-18 |

**Baker, Judge.**

[1] T.J. (Mother) appeals the trial court's order terminating her parent-child relationship with B.J. (Child). Mother argues that the trial court erred by denying her motion to continue the termination hearing based on DCS's failure to provide her with statutorily required notice of the hearing. We find that DCS failed to comply with the statute but that the trial court acted within its discretion in denying the motion to continue. Therefore, we affirm.

## Facts

[2] In December 2014, Child was found to be a Child In Need of Services (CHINS) after Child's sibling, G.K., sustained "extensive contusions and bleeding in the brain" that were allegedly caused by Mother. Tr. DCS Ex. 2 p. 2. Mother eventually pleaded guilty to criminal charges stemming from G.K.'s injuries and was sentenced to the Department of Correction (DOC).[1]

[3] On February 20, 2017, DCS filed a petition to terminate the parent-child relationship between Child and Mother. The trial court set a factfinding date of June 6, 2017. DCS filed a motion to continue, which the trial court granted, resetting the hearing for November 7, 2017. On October 30, 2017, Mother's attorney filed a motion to continue the factfinding hearing because Mother was scheduled to be released from the DOC on November 1, 2017, and wished to have more time to improve her parent-child relationship before the factfinding. On October 31, 2017, the trial court granted the motion and continued the

---

[1] G.K. is not a party to this case.

hearing to January 30, 2018.  On November 1, 2017, the trial court sent notice of the new hearing date to Mother's last known address, which was the DOC facility where she had been incarcerated.

[4]  After being released from the DOC on November 1, 2017, Mother failed to maintain consistent contact with DCS.  She had some brief contacts with her Family Case Manager (FCM) shortly after she was released, but at the time of the termination hearing, the last contact of any sort was a text message to the FCM on December 5, 2017.  She did not provide DCS with her new address and the FCM was under the impression that she was aware of the progress of the case and of the hearing scheduled for January 30, 2018.

[5]  On January 29, 2018, Mother's attorney filed a motion to continue the factfinding hearing, arguing that DCS had not provided sufficient notice to Mother of the hearing.  On January 30, 2018, Mother failed to appear at the hearing.  The trial court heard argument on the motion to continue, denied it, and proceeded with the factfinding hearing.  On April 26, 2018, the trial court entered an order granting the termination petition.  In relevant part, it found as follows:

> On 10/30/17, Mother, by her appointed counsel, filed a motion to continue the termination proceedings, asserting that Mother's incarceration was ended and that she deserved further opportunity to preserve her parent-child relationship with the Child.  The Court granted this Motion made by Mother on 10/31/17 and reset the matter for trial on 1/30/18, with notice provided to all parties of the new hearing date obtained at Mother's request.  During the termination hearing, the Court's

staff verified that the Court's own file noted that notice of the new trial date of 1/30/2018 had been sent to Mother at her Department of Corrections facility address after the Court had granted her own motion to continue the previous trial setting.

Appealed Order p. 4. Mother now appeals.

# Discussion and Decision

[6] Mother's sole argument on appeal is that DCS failed to give her statutorily required notice of the factfinding hearing and that as a result, her due process rights were violated when the trial court denied her motion to continue.

[7] The decision to grant or deny a motion to continue is within the trial court's sound discretion, and we will reverse only where the trial court reaches a conclusion that is clearly against the logic and effect of the facts or the reasonable and probable deductions that may be drawn therefrom. *J.P. v. G.M.*, 14 N.E.3d 786, 789 (Ind. Ct. App. 2014). To the extent that this appeal requires us to interpret a statute, we note that we apply a de novo standard of review to matters of statutory interpretation. *In re Bi.B.*, 69 N.E.3d 464, 466 (Ind. 2017).

[8] Indiana Code section 31-35-2-6.5 provides, in relevant part, as follows:

> (a) This section applies to hearings under [the termination of parental rights] chapter relating to a child in need of services.

> (b) At least ten (10) days before a hearing on a petition or motion under this chapter:

(1)     the person or entity who filed the petition to terminate the parent-child relationship under section 4 of [the termination of parental rights] chapter; . . .

shall send notice of the review to the persons listed in subsections (c) and (d).

(c)     Except as provided in subsection (h), the following persons shall receive notice of a hearing on a petition or motion filed under this chapter:

(1)     The child's parent, guardian, or custodian.

***

(e)     The court shall provide to a person described in subsection (c) or (d) an opportunity to be heard and make recommendations to the court at the hearing. . . .

[9]     There is no evidence in the record that DCS provided notice of the January 2018 factfinding hearing to Mother. We must determine first, whether such notice was required; and second, whether, if required, the lack of notice entitles Mother to relief.

[10]     First, the plain language of the statute clearly requires that DCS provide notice of a termination hearing to a child's parent at least ten days before the hearing. *See In re H.K.*, 971 N.E.2d 100, 103 (Ind. Ct. App. 2012) (holding that while formal service of process is not required, DCS is required to send notice of a termination hearing to the parent's last known address at least ten days before the hearing). Here, that did not occur. We strongly encourage DCS to comply

with the notice requirements of Indiana Code section 31-35-2-6.5 in the future, especially given its recent struggles with due process compliance.[2] *See A.A. v. Ind. Dep't of Child Servs.*, 100 N.E.3d 708, 708-09 (Ind. Ct. App. July 9, 2018) (order condemning the "repeated, significant violations of due process occurring in termination of parental rights cases throughout this state" and formally admonishing "DCS for its failure to afford litigants throughout this state the due process rights they are owed").

[11]    That said, we must still determine whether the lack of such notice in this case entitles Mother to relief. Initially, we note that the statute does not contain a remedy for the failure to provide a parent with notice of a hearing. It does, however, state that the trial court "shall continue the hearing if, at the time of the hearing, the department has not provided the court with signed verification from the foster parent" that the foster parent received notice. I.C. § 31-35-2-6.5(f). The statute contains no such continuance requirement with respect to the child's parent. We interpret that to mean that the legislature left it to the trial court to determine, in its discretion, whether a continuance is warranted if DCS failed to provide this statutorily required notice.

---

[2] DCS argues that the statute "does not say that the 10-day notice cannot be provided [to] the parent by the court, in lieu of DCS." Appellee's Br. p. 27. We are not persuaded by this analysis, as the statute quite plainly and clearly requires that the party that filed the termination petition—which will nearly always be DCS—is required to provide this notice. The statute contains no provision permitting another person or entity to provide the notice in DCS's stead.

[12]     In this case, the termination hearing was continued, *at Mother's own request*, from November 7, 2017, to January 30, 2018. The trial court sent Mother notice of the new hearing date at her last known address, which was the DOC facility where she had been incarcerated. She apparently did not receive the notice because she was released from the DOC on or about November 1, 2017, which is the same date on which the trial court sent her the order. But after leaving the DOC, Mother failed to maintain consistent, substantive communication with DCS, and she did not provide DCS, her attorney, or the trial court with a current address. Therefore, even if DCS had attempted to provide the required notice, it, too, would have had to send it to her last-known address—which was the DOC facility. In other words, Mother was not prejudiced as a result of DCS's failure to provide her with the required notice—she would have been no better off had DCS done so.

[13]     Under these circumstances, we find that the trial court did not err by denying Mother's motion to continue the termination hearing. We likewise find that the procedural irregularity did not violate Mother's due process rights under the specific facts of this case because the original hearing date was continued at her own request and she failed to provide current contact information after being released from the DOC. *See In re T.W.*, 831 N.E.2d 1242, 1247 (Ind. Ct. App. 2005) (holding that a procedural irregularity is not automatically a violation of a parent's due process rights).

The judgment of the trial court is affirmed.

May, J., and Robb, J., concur.