## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 20 2019, 9:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Abigail R. Recker
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Involuntary Termination of the Parent-Child Relationship of:

J.S. (Minor Child),

and

A.S. (Father),

*Appellant-Respondent,*

v.

The Indiana Department of Child Services,

*Appellee-Petitioner*

February 20, 2019

Court of Appeals Case No.
18A-JT-2242

Appeal from the Madison Circuit Court

The Honorable G. George Pancol, Judge

Trial Court Cause No.
48C02-1802-JT-16

**Baker, Judge.**

[1] A.S. (Father) appeals the order terminating his parent-child relationship with J.S. Father argues that we should reverse because the Department of Child Services (DCS) did not provide the statutorily required notice of the final termination hearing. Finding that Father failed to preserve the issue for appeal, we affirm.

[2] J.S. was found to be a child in need of services (CHINS) on February 5, 2014. Father failed to participate successfully with any of the court-ordered services in the CHINS case, including visits with his child. On February 6, 2018, DCS filed a petition to terminate Father's parental rights.[1] At that time, Father was incarcerated and was personally served in jail with all relevant documents, including notice of an initial hearing that would occur on March 5, 2018.

[3] On March 5, 2018, the trial court held the initial hearing in the termination proceedings. Father failed to appear; the trial court appointed counsel for him and scheduled a factfinding hearing for May 29, 2018.

[4] At the May 29, 2018, factfinding hearing, Father failed to appear but his attorney was present. Counsel for DCS stated that "there are no parents present although all had proper service." Tr. Vol. II p. 4. Father's attorney did not object regarding service or notice; therefore, no further discussion took

---

[1] The parental rights of J.S.'s mother were also terminated but she has not appealed that order.

place regarding the issue. On September 17, 2018, the trial court terminated the parent-child relationship between Father and J.S. Father now appeals.

[5] Father's sole argument on appeal is that DCS failed to provide him with notice in conformity with the requirements of Indiana Code section 31-35-2-6.5, which requires that DCS send notice to a parent at least ten days before the termination of parental rights factfinding hearing. This Court has explained that

> [c]ompliance with the statutory procedure of the juvenile code is mandatory to effect termination of parental rights. Although statutory notice is a procedural precedent that must be performed prior to commencing an action, it is not an element of [DCS's] claim. *Failure to comply with statutory notice is thus a defense that must be asserted.* Once placed in issue, [DCS] bears the burden of proving compliance with the statute.

*In re H.K.*, 971 N.E.2d 100, 103 (Ind. Ct. App. 2012) (internal quotation marks and citations omitted) (emphasis added).

[6] Here, Father did not raise the issue of notice at the termination hearing. Because Father did not raise the issue, DCS had no opportunity to present evidence of the notice and the trial court did not have the chance to determine whether notice was provided or, if there was no notice provided, whether the procedural irregularity violated Father's due process rights.

[7] Father argues that even if he waived the issue, the error was fundamental because it violated his due process rights. Initially, we note that we cannot discern if any error occurred at all because there is no evidence aside from

Father's self-serving statement that DCS did not, in fact, provide the required notice. Moreover, he had actual notice that the termination petition had been filed, he knew the date and time of the initial hearing, and the trial court appointed counsel to represent him. His attorney was able to cross-examine witnesses and to present and object to the admission of evidence at the factfinding hearing. *See, e.g.*, *In re K.W.*, 12 N.E.3d 241, 248-49 (Ind. 2014) (holding that parents do not have a constitutional right to be physically present at a termination hearing).

[8] From this record, we cannot determine whether any error occurred at all. And if it did, we do not find that it was fundamental or that Father's constitutional rights were violated.

[9] The judgment of the trial court is affirmed.


May, J., and Tavitas, J., concur.