# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 13 2019, 8:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Robert J. Henke
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Termination of the Parental Rights of:

J.B. & S.B. (Minor Children)

and

A.I. (Mother),

*Appellant-Respondent,*

v.

The Indiana Department of Child Services,

*Appellee-Petitioner*

June 13, 2019

Court of Appeals Case No. 18A-JT-1219

Appeal from the Dearborn Circuit Court

The Honorable James D. Humphrey, Judge

Trial Court Cause Nos.
15C01-1709-JT-26
15C01-1709-JT-27

**Baker, Judge.**

[1]     A.I. (Mother) appeals the trial court's orders terminating the parent-child relationship between Mother and her two minor children. Mother argues that the trial court violated her due process rights when it denied her motion to continue the termination factfinding hearing. Finding no due process violation, we affirm.

## Facts

[2]     On January 9, 2017, the Department of Child Services (DCS) filed a petition alleging that Mother's two children were children in need of services (CHINS) based on Mother's substance abuse issues. The trial court found that the children were CHINS on February 7, 2017, based on Mother's admissions.

[3]     After Mother failed to cooperate with DCS, participate with court ordered services, or make meaningful progress, DCS filed a petition to terminate her parental rights on September 22, 2017. DCS served Mother with a summons[1] and notice of the termination proceedings. She was personally served by process server; additionally, DCS mailed copies of the documents to her last known address, but they were returned as undeliverable and unable to forward. Mother appeared at the initial termination hearing in October 2017 and the trial court appointed a public defender to represent her during the termination proceedings.

---

[1] Evidently DCS mistakenly included a CHINS summons instead of a termination summons, but we find that this inadvertent error had no impact on the proceedings.

[4] The first day of the termination factfinding hearing took place on November 28, 2017. Mother was not present, but the trial court had moved up the hearing date and acknowledged that Mother may not have had notice of the change. The parties presented their opening statements, but the trial court emphasized that everything stated during that hearing would be repeated at the next hearing when, hopefully, Mother would be present. The trial court scheduled two more days of factfinding to occur on December 18, 2017, and March 15, 2018, with both dates coinciding with previously scheduled hearings in her CHINS case.

[5] The joint CHINS permanency and termination hearing took place on December 18, 2017. Mother was not present. Her attorney told the trial court that she had spoken with Mother that morning and Mother had said she was on the way but stuck in traffic because of a wreck. DCS finished its opening statement and no evidence was presented.

[6] The third day of the termination hearing took place on March 15, 2018. Mother's counsel moved for a continuance, reporting that two days earlier, Mother had called her to tell her she would not be attending because she could not legally drive, could not afford an Uber, and did not have enough minutes on her phone to participate telephonically. Counsel stated, "I'm not sure that she's been properly served on this matter." Tr. Vol. II p. 25. DCS responded that Mother had notice of the proceedings and that it had been unable to reach Mother for most of the case; the Guardian ad Litem (GAL) agreed that she had been unable to reach Mother since early November 2017.

The trial court found that every effort had been made to communicate with Mother and provide her with notice, that the hearing was intentionally set on the same date as a CHINS hearing of which she undisputedly had notice, and that Mother actually knew about the hearing and was not present. Therefore, the motion to continue was denied and the hearing took place as scheduled. On March 24, 2018, the trial court issued its orders terminating Mother's parent-child relationship with her two children. She now appeals.

## Discussion and Decision

Mother's only argument on appeal is that she was not properly served with notice of the termination hearings and, as a result, the trial court's denial of her motion to continue violated her due process rights.

Indiana Code section 31-35-2-6.5 requires that DCS send notice to a parent at least ten days before a termination of parental rights factfinding hearing. We have recently considered this requirement, finding as follows:

> . . . the statute does not contain a remedy for the failure to provide a parent with notice of a hearing. It does, however, state that the trial court "shall continue the hearing if, at the time of the hearing, the department has not provided the court with signed verification from the foster parent" that the foster parent received notice. I.C. § 31-35-2-6.5(f). The statute contains no such continuance requirement with respect to the child's parent. We interpret that to mean that the legislature left it to the trial court to determine, in its discretion, whether a continuance is warranted if DCS failed to provide this statutorily required notice.

*In re B.J.*, 110 N.E.3d 1178, 1181 (Ind. Ct. App. 2018).

[10] Assuming for argument's sake that DCS failed to provide this statutorily required notice in this case, the trial court properly considered all of the circumstances before it in denying Mother's motion to continue. Specifically, Mother had actual notice of the hearing; she was represented by counsel at the hearing; and she had failed to remain in contact with DCS or the GAL, neither of whom had her current contact information. There is no evidence in the record that Mother reached out to DCS, the GAL, or any service providers for assistance with transportation to the hearing. Under these circumstances, we find that the trial court did not err by denying Mother's motion to continue and that Mother's due process rights were not violated as a result of these proceedings.

[11] The judgment of the trial court is affirmed.


Najam, J., concurs.
Robb, J., concurs in result without an opinion.